755 P.2d 485

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jesse Earl SCROGGIE,
Defendant–Appellant.**

No. 16892.

Court of Appeals of Idaho.

May 25, 1988.

Petition for Review Denied
June 30, 1988.

Jonathan W. Cottrell, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

## PER CURIAM.

Idaho Code § 19–3501(2) provides that, absent a showing of good cause to the contrary, a criminal prosecution must be dismissed when the defendant is not brought to trial within six months from the date the indictment or information is filed (unless the trial is postponed upon application of the defendant). The instant case raises the question whether I.C. § 19–3501(2) applies to the *retrial* of an action following remand upon an appeal. We hold that it does not.

In 1980, Jesse Scroggie was found guilty by a jury of second-degree murder. The judgment of conviction was subsequently reversed on appeal and the case was remanded for a new trial. *State v. Scroggie*, 110 Idaho 103, 714 P.2d 72 (Ct.App.1986). The appellate remittitur was issued on June 12, 1986. On July 29, 1986, the district court scheduled a new trial to commence on February 3, 1987. In mid–January, 1987, Scroggie moved for dismissal of the charge, under I.C. § 19–3501, because he was not brought to trial within six months after the remittitur was filed.

Scroggie's motion was denied by the court through a two-part analysis. First, the court determined that I.C. § 19–3501 was inapplicable because the trial required by the statute, *i.e.*, within six months after the information was filed, had occurred in 1980. Having concluded the statute did not apply, the court next considered whether Scroggie's right to a speedy trial under the federal and state constitutions had been abridged. In making that determination, the court utilized the four-fold balancing test announced in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).[1] Applying that test to the period between the date of the remittitur and the date of the scheduled trial, the court concluded Scroggie's constitutional protections had not been violated. Consequently, the court denied the motion for dismissal.

Then, reaching a plea bargain agreement with the state, Scroggie pled guilty to an amended charge of voluntary manslaughter. The agreement included a recommendation by the prosecutor to the court that the sentence to be imposed would be deemed satisfied by the period of incarceration previously served by Scroggie in connection with the second-degree murder conviction. Scroggie reserved the right to withdraw the guilty plea if the sentencing recommendation was not acceptable to the court. Scroggie also reserved the right under I.C.R. 11(a)(2) to appeal the order denying his motion to dismiss. Scroggie's plea of guilty to voluntary manslaughter was accepted by the court, a judgment of conviction was entered, and a sentence was imposed consistent with the plea bargain. This appeal followed.

Scroggie challenges only the conclusion of the court that I.C. § 19–3501 is inapplicable to proceedings on remand after an appeal from an earlier trial. He does not assert the court committed any error in the analysis of the constitutional speedy-trial

---

1. The *Barker–Wingo* test requires the court to consider and weigh the following factors: (a) the length of the period of delay; (b) the reasons for the delay; (c) the accused's assertion of his right to a speedy trial; and (d) the prejudice to the accused resulting from the delay. The *Barker* approach has been adopted by the Idaho Supreme Court as an appropriate method for determining whether the right to a speedy trial under the state constitution has been contravened. *State v. Lindsay*, 96 Idaho 474, 531 P.2d 236 (1975).

provisions, using the *Barker* balancing test.

■ We agree with the district court that I.C. § 19–3501 does not apply to this case. The statute in clear and plain language addresses only the length of time elapsing after an indictment or information is filed. It does not refer to any period following a remittitur from an appeal after a trial once has been held. *Compare,* cases involving interlocutory appeals *before* initial trial was held: *State v. Hobson,* 99 Idaho 200, 579 P.2d 697 (1978); *State v. Dillard,* 110 Idaho 834, 718 P.2d 1272 (Ct. App.1986) *cert. denied* 479 U.S. 887, 107 S.Ct. 283, 93 L.Ed.2d 258 (1986); *State v. Fairchild,* 108 Idaho 225, 697 P.2d 1239 (Ct.App.1985).

The conclusion of the district court, which we uphold, is consistent with a rule adopted by our Supreme Court many years ago.

> "Where a new trial is necessitated because a conviction has been reversed on appeal or set aside on habeas corpus, the delay between the original indictment and the ultimate trial is not due to any laches on the part of the state; it therefore does not entitle the accused to discharge under a statute providing that he must be discharged if his case is not brought to trial within a designated time after indictment."

21A AM.JUR.2d, CRIMINAL LAW § 852 (Rev. 1981), *quoted with approval in Olson v. State,* 92 Idaho 873, 875–76, 452 P.2d 764, 766–67 (1969).

■ In the absence of a statute explicitly setting the time frame within which a retrial must occur following an appeal, the speedy trial inquiry should be approached with the constitutional analysis, applying the *Barker* balancing test. *See, e.g., State v. Fife,* 632 P.2d 712 (Mont.1981). That approach was followed by the district court below. We have not been asked to review the court's conclusion in that regard.

The order denying the motion to dismiss, and the judgment of conviction for voluntary manslaughter, are affirmed.