795 P.2d 21

**Gary E. STARR, Plaintiff–Appellant,**

v.

**IDAHO TRANSPORTATION DEPART- MENT, Defendant–Respondent.**

**No. 18236.**

Court of Appeals of Idaho.

July 5, 1990.

Gary E. Starr, Nampa, pro se.

Jim Jones, Atty. Gen., Robert L. Trabert (argued), Sp. Deputy Atty. Gen., for defendant-respondent.

Before BURNETT and SWANSTROM, JJ., and GRANATA, J. Pro Tem.

PER CURIAM.

This proceeding arises out of the dismissal of an Idaho Transportation Department classified employee. The appellant, Gary Starr, began working for the department in 1984. He continued to work for the department until January, 1988, when he was laid off from employment effective January 27, 1988. After being denied reinstatement through the departmental grievance procedure, Starr contested his layoff before the Idaho Personnel Commission. Following a hearing before a hearing officer appointed by the commission, the hearing officer upheld the layoff. The commission subsequently adopted the decision of the hearing officer and upheld Starr's layoff. Upon appeal to the district court, the decision of the Idaho Personnel Commission was affirmed. We also affirm.

Idaho Code § 67–5301 et seq., creates the Idaho Personnel Commission and establishes the procedure for a classified state employee to challenge his or her dismissal. These statutes give rise to the procedure to be followed by the Idaho Personnel Commission in such proceedings and by the district court on appeal from the commission. Idaho Code § 67–5316(1)(b) provides:

(1) Appeals shall be limited to the following: ....

(b) Any classified employee may, after completing the departmental grievance procedure, appeal the failure of an ap-

pointing authority to provide a right and/or benefit to which the employee is entitled by law.

Pursuant to I.C. § 67–5318, the district court is authorized, upon an appeal from a decision of the Idaho Personnel Commission, as follows:

[T]he district court may affirm, or set aside and remand the matter to the commission upon the following grounds, and shall not set the same aside on any other grounds:

(1) That the findings of fact are not based on any substantial, competent evidence;

(2) That the commission has acted without jurisdiction or in excess of its powers;

(3) That the findings of fact by the commission do not as a matter of law support the decision.

The record establishes the following: In 1984, Starr was employed as a custodian at the District Three Maintenance Shop of the Idaho Transportation Department in Boise. He received good ratings from his superiors. Starr and other employees at the shop were members of the Service Employees International Union. On December 3, 1987, Starr testified as a witness at the grievance hearing of a fellow employee, Buddy "Hoot" Gibson, a mechanic at the shop.

Throughout this time period, the shop management was investigating the ongoing problem of a backlog of mechanical and repair work. For several years the shop had attempted to acquire an additional mechanic. The hiring of an additional mechanic, however, was not a viable alternative because it would result in District Three having more than its allotted number of full time employees. Consequently, on December 10, 1987, the district engineer proposed that one full time custodian's position be eliminated and replaced by one full time mechanic's position. An additional full time mechanic would improve the shop's organization and productivity.

The district engineer's proposal was approved on December 17, 1987, to become effective on January 12, 1988. The method of determining which custodial position would be eliminated was by a point system based upon seniority, satisfactory service and other points. Because Starr had the fewest retention points, due to a relative lack of seniority, he was given a notice of layoff on December 28, effective January 12, 1988. Subsequently, the director of the Idaho Transportation Department extended the effective date to January 27, 1988.

After completing his departmental grievance procedure, as per I.C. § 67–5315, Starr appealed to the Idaho Personnel Commission, asserting that his layoff was in retaliation for his testimony in the fellow employee's case and for his union membership, even though the department informed Starr that his layoff was for re-organizational purposes. The commission, pursuant to I.C. § 67–5316(3), assigned the matter to a hearing officer who, after a hearing, found that Starr's layoff was due to the reorganization of District Three and not in retaliation for his having testified at a grievance hearing or for his union membership. Thereafter, a petition for review of the hearing officer's decision was filed with the Idaho Personnel Commission, pursuant to I.C. § 67–5316(8). Subsequently, the commission, pursuant to I.C. § 67–5317, reviewed and then adopted, the decision of the hearing officer affirming Starr's layoff. From this decision, and pursuant to I.C. § 67–5318, Starr appealed the Idaho Personnel Commission's decision to the district court.

The district court, having heard oral argument and having taken the case under advisement, issued its decision that, looking at the record as a whole, it was satisfied that the findings adopted by the Idaho Personnel Commission were supported by substantial, competent evidence; that the findings of fact supported the decision, as a matter of law; and that implicit in the decision of the commission was the conclusion that the fellow employee's grievance hearing and the administrative reorganization of District Three was a fortuitous coincidence rather than the result of management retaliation. It is from this decision of the district court that Starr has appealed.

Starr asserts that the district court acted with prejudice by crediting the testimony of the department's witnesses, rather than the testimony of his witnesses.

■ The beginning point of this Court's analysis is to determine which party has the burden of proof. Was Starr required to prove that the elimination of his custodial position was a subterfuge for retaliation, or was the Idaho Transportation Department required to prove that Starr's layoff was for re-organizational purposes? This Court determines that the Idaho Transportation Department, rather than Starr, had the burden of proof.

> *An agency bears the burden of persuading the Commission* that employee misconduct has occurred. This approach is consistent with that of the federal system. In proceedings before the Merit Systems Protection Board involving employee termination, *the agency must prove employee misconduct by a preponderance of the evidence. See* 5 U.S.C. §§ 7701(c)(1) and 7513.

*Department of Health and Welfare v. Sandoval,* 113 Idaho 186, 188–89, 742 P.2d 992, 994–95 (Ct.App.1987) (emphasis added). Although the case at bar does not involve "employee misconduct," the Idaho Transportation Department had a threshold burden to prove, by a preponderance of the evidence, that Starr's layoff was for a permissible purpose, such as reorganization. Starr did not have a threshold burden of proving the contrary; but once the department had made a prima facie showing of a legitimate layoff, Starr had a burden of going forward with evidence to show retaliation. The ultimate burden of persuasion remained with the department.

■ After reviewing the entire record, and notwithstanding this Court's ruling that the department had the ultimate burden of persuasion, this Court concludes that the Idaho Personnel Commission's decision should be upheld. The decision turned not upon the burden of proof but upon the hearing officer's determination of credibility of the witnesses who appeared

before him. He chose to believe the department's witnesses.

In *Sandoval,* this Court stated:
[T]he Personnel Commission need not accept the hearing officer's factual determinations on every case where credibility of witnesses is a factor. The hearing officer's sole advantage over the Commission as a fact-finder is his ability to observe the demeanor of the witnesses.... [T]here will be many cases where the Commission need not rely upon or accept the credibility determinations of its hearing officer. But where credibility is crucial and where first-hand exposure to the witnesses may strongly affect the outcome, we think the Personnel Commission should not override the hearing officer's impressions unless it makes a cogent explanation of its reasons for doing so.
*Id.* at 190, 742 P.2d at 996.

The primary conflict in testimony before the hearing officer was the discrepancy between Starr's witnesses and the department's witnesses. Starr's witnesses basically testified that Starr's layoff was a reprisal for his having testified at the grievance hearing of Buddy "Hoot" Gibson, and that "management" had been retaliatory in the past. The department's witnesses testified that the department did not violate any procedures in laying off Starr and that the layoff was strictly for re-organizational purposes. The hearing officer was persuaded by the testimony of the department's witnesses, rather than by Starr's witnesses. After its review, the Idaho Personnel Commission agreed with the hearing officer, stating its reasons in its written decision and order; thereafter, the district court agreed with the commission, as reflected in its written decision.

Given the statutory standard of review, set forth earlier in this opinion, we have no basis for departing from the hearing officer's credibility determination as adopted by the commission. Neither did the district court. Therefore, we conclude that the decision of the district court, which held that the findings of fact adopted by the commission were supported by substantial,

**130**

competent evidence and that the findings of fact supported the commission's decision as a matter of law, was proper.

The district court's decision affirming the Idaho Personnel Commission's decision and order is affirmed. No attorney fees on appeal. Costs to respondent, the Idaho Transportation Department.