931 P.2d 1218

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Antonio AVELAR, Defendant–Appellant.**

No. 23240.

Supreme Court of Idaho,
Boise, November 1996 Term.

Jan. 22, 1997.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, argued, Boise, for respondent.

Nevin, Kofoed & Herzfeld, Dennis A. Benjamin, Boise, argued, for appellant.

TROUT, Justice.

This is an appeal from a judgment of conviction and sentence after a retrial. The Court of Appeals affirmed the conviction and sentence, and this Court granted review limited solely to the issue presented by the trial court's denial of appellant's motion to dismiss. Appellant contends that his right to a speedy trial under Idaho Code § 19–3501 has been violated. We affirm the decision of the district court.

## I.

## BACKGROUND

On November 28, 1989, defendant-appellant Antonio Avelar was charged with delivery of a controlled substance, cocaine. On March 1, 1991, a jury found him guilty, and the district court sentenced him to ten years imprisonment, with two years fixed. Avelar appealed the conviction. The Court of Appeals reversed Avelar's conviction on the basis of prosecutorial misconduct and remanded the case to the district court for retrial (remittitur dated September 21, 1993).

On March 29, 1994, Avelar's second trial began. Avelar immediately moved to dismiss the case on the ground that the state's failure to retry him within six months of the issuance of the remittitur violated the statutory speedy trial rule, I.C. § 19–3501. The district court denied the motion, reasoning that the delay was not caused by prosecutorial misconduct or attempts to stall the proceedings. Instead, according to the district court, the delay was caused by court congestion, and the speedy trial rule does not require dismissal in such circumstances. The second jury found Avelar guilty, and the district court again sentenced him to ten years imprisonment, with two years fixed.

Avelar appealed his second conviction and sentence on four grounds, including the court's ruling on the speedy trial issue. The Court of Appeals, in *State v. Avelar,* 96.13 ICAR 597 (Ct.App.1996), affirmed the conviction and sentence. The Court of Appeals held that Idaho's statutory speedy trial rule, I.C. § 19–3501, does not apply to retrial following successful appeal, relying on the plain language of the statute and on *State v. Scroggie,* 114 Idaho 188, 755 P.2d 485 (Ct.App. 1988). The court did not address Avelar's argument that such an interpretation would violate equal protection principles under the Idaho Constitution. Instead, it held that even assuming that the equal protection argument would bring Avelar within the bounds of the statute, there was still good cause shown for the delay. In doing so, the court applied the four-factor balancing test enunciated by the U.S. Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine whether good cause existed for the delay pursuant to § 19–3501. The four factors under *Barker* consist of the length of the delay, the reasons for it, defendant's assertion of his right to a speedy trial, and the prejudice suffered by defendant. *See State v. Cotant,* 123 Idaho 787, 788, 852 P.2d 1384, 1385 (1993). Applying these factors, the Court of Appeals agreed with the district court's findings that

the length of the delay was short (eight days), that the reason for it (court congestion) was neutral and not attributable to either party, and that Avelar had not demonstrated that the delay had prejudiced his case. The Court of Appeals concluded that the state had shown good cause under § 19–3501, and it affirmed the lower court's denial of Avelar's motion to dismiss.

Avelar appealed this decision to this Court. We granted review on the speedy trial issue only.

## II.

## DISCUSSION

■ In cases which call for this Court to review a Court of Appeals' decision, we give serious consideration to the views of the Court of Appeals. *Spence v. Howell,* 126 Idaho 763, 768, 890 P.2d 714, 719 (1995); *Schiewe v. Farwell,* 125 Idaho 46, 49, 867 P.2d 920, 923 (1993) (citing *Matter of Hanson,* 121 Idaho 507, 509, 826 P.2d 468, 470 (1992)). This Court, however, directly reviews the trial court's decision.

**A. Idaho Code § 19–3501, Idaho's statutory speedy trial rule, does not apply to the instant case, a retrial following a successful appeal.**

■ In this case, Avelar appears to have based his motion to dismiss on a violation of the statutory right to a speedy trial, § 19–3501,[1] and the trial judge seemed to assume that I.C. § 19–3501 applied. In response to the motion, the trial court considered two of the *Barker* factors, reason for the delay and prejudice to the defendant, and ruled that: (1) the delay was caused by overcrowding of the court's calendar, and (2) the statute did

not require dismissal under such circumstances.[2]

The trial court erred in ruling that § 19–3501 applies to the instant case, a retrial following a successful appeal. Section 19–3501 provides:

> The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:
>
> 1. When a person has been held to answer for a public offense, if an indictment or information is not found against him and filed with the court within six (6) months from the date of his arrest.
>
> 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the indictment or information is filed with the court.
>
> 3. If a defendant, charged with a misdemeanor offense, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant enters a plea of not guilty with the court.

This statute creates a speedy trial guarantee beyond the state and federal constitutional guarantees for three specific classes of defendants. It does not mention defendants awaiting retrial following successful appeal. By its terms, then, this section does not create a statutory right to a speedy trial for such defendants. *See Scroggie,* 114 Idaho 188, 755 P.2d 485. Thus, the district court's application of I.C. § 19–3501 was error.

**B. Idaho Code § 19–3501 does not violate equal protection principles under the Idaho Constitution.**

■ Avelar concedes that, by its terms, the statute does not apply to defendants

---

1. Although Avelar's counsel did not cite the statute in his motion, he grounded the motion on the fact that "[i]t has been more than six months since the Supreme Court remanded this down to the District Court" and stated, "I think the six month period has run and bars this prosecution." Because the state and federal constitutional speedy trial guarantees do not include a specific time frame, it seems that Avelar's counsel was asserting § 19–3501's statutory right to a speedy trial.

2. The court stated:

> At this time the court is going to rule that [it] is going to deny the motion. The court is going to rule it was not caused by prosecutorial misconduct or any efforts on the prosecution to stall.
>
> The rule is that speedy trial does not require a dismissal if in fact it is caused by the court's normal crowded calendar. At this present time the court did have a crowded calendar.... The court is going to deny it.

awaiting retrial after successful appeal; he contends, however, that such an interpretation violates equal protection principles under the Idaho Constitution. The Idaho Constitution provides that "[g]overnment is instituted for [the people's] equal protection." Idaho Const. art. I, § 2. As the party challenging § 19–3501 on constitutional grounds, Avelar bears the burden of establishing that the statute is unconstitutional and "must overcome a strong presumption of validity." *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 709, 791 P.2d 1285, 1288 (1990) (citations omitted). The state constitutional guarantee of equal protection requires that there be "some reasonable ground or basis for the distinction between classes of persons imposed by a particular statutory scheme." *Everett v. Trunnell*, 105 Idaho 787, 790, 673 P.2d 387, 390 (1983) (citing *Weller v. Hopper*, 85 Idaho 386, 392, 379 P.2d 792, 795 (1963)).

Under equal protection analysis, we must first identify the classification at issue. *Tarbox v. Tax Comm'n*, 107 Idaho 957, 959, 695 P.2d 342, 344 (1984). In the instant case, Avelar argues that the courts, by construing the statute in such a manner, treat similarly situated individuals (criminal defendants awaiting their first trials and those awaiting retrial following successful appeal) differently; this, then, is the classification at issue.

We then must determine the standard of review to apply. *Id.*, at 959, 695 P.2d at 344. Strict scrutiny applies where the classification is based upon a suspect class (such as race) or involves a fundamental right. *Olsen*, 117 Idaho at 710, 791 P.2d at 1289. Courts use the "means focus" test where the classification is discriminatory on its face and clearly bears no relationship to the statute's declared purpose. *Id.*, at 710, 791 P.2d at 1289. Finally, the rational basis test applies in all other situations. *Id.*, at 710, 791 P.2d at 1289.

In the instant case, the rational basis test applies. The strict scrutiny test is not applicable because the classification does not deal with a suspect class, nor does it involve a fundamental right. Although the *constitutional* right to a speedy trial is fundamental, § 19–3501 expands this right in

three specific circumstances and provides a speedy trial guarantee above and beyond those provided by the state and federal constitutions. As a statutory expansion of a fundamental constitutional right, the statutory right to a speedy trial is not fundamental. Likewise, the "means focus" test does not apply in this case because the classification is not blatantly discriminatory. Thus, the statute must meet the rational basis test in order to comply with equal protection principles under the state constitution. To meet the rational basis test, the statutory classification must bear a rational relationship to legitimate government interests. *Tarbox*, 107 Idaho at 960, 695 P.2d at 345. This Court will uphold the statute if any conceivable set of facts will support the finding of a rational relationship. *Bint v. Creative Forest Prods.*, 108 Idaho 116, 120, 697 P.2d 818, 822 (1985) (citing *State v. Bowman*, 104 Idaho 39, 41, 655 P.2d 933, 935 (1982)).

Idaho Code § 19–3501 appears to balance several legitimate, but competing, interests of the government. On the one hand, the interests underlying the constitutional right to a speedy trial also support the statutory expansion of this right: preventing oppressive pretrial incarceration, minimizing the defendant's anxiety and concern, and limiting the possibility that the delay will impair a valid defense. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193. On the other hand lie the interests of efficiency and managing the case loads of the trial courts.

The classification here, that of criminal defendants awaiting their first trials and those awaiting retrial following successful appeal, bears a rational relationship to these legitimate government interests. The fact that the statute creates a six-month speedy trial window for only three categories of criminal defendants is rationally related to the state's interests in the efficient processing of criminal defendants and the management of already overcrowded court calendars. In addition, the statute's failure to include those awaiting retrial after successful appeal is logically related to the underlying rationale for all speedy trial guarantees—the quick resolution of criminal charges. This

goal has already been frustrated in the case of defendants awaiting retrial because they have invoked the appellate process and thereby triggered considerable delay. The legislature could rationally conclude that such defendants also would suffer less pre-trial anxiety and concern than those awaiting their first trials because they have gone through the trial process once before—they are able to assess the strengths and weaknesses of their own case and the prosecution's and know what to expect during the trial process. Finally, one must not forget that such defendants retain their state and federal *constitutional* rights to speedy trial; they simply do not have the luxury of the expanded statutory speedy trial right which establishes a set time limit of six months. Drawing a line between criminal defendants awaiting their first trials and those awaiting retrial following successful appeal thus bears a rational relationship to legitimate government objectives and does not offend equal protection principles of the Idaho Constitution.

### C. Remaining issues

Due to our holding that Idaho's statutory speedy trial rule does not apply to criminal defendants awaiting retrial following successful appeal and our resolution of the equal protection issue, we need not reach Avelar's remaining issues relating to speedy trial. We therefore decline to address whether the courts should apply the *Barker* factors when determining if good cause exists under I.C. § 19–3501 and whether good cause existed in this case.

### III.

### CONCLUSION

■ The district court erred when it concluded that I.C. § 19–3501 applies to the instant case. Where the district court's order is correct but based upon an erroneous theory, this Court will affirm the order on the correct theory. *Idaho Schools for Equal Educational Opportunity v. Evans,* 123 Idaho 573, 580, 850 P.2d 724, 731 (1993). We thus affirm the district court's denial of Ave-

lar's motion to dismiss because Avelar does not have a statutory right to a speedy retrial.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.