5 P.2d 984

Kelly SANCHEZ, Petitioner–Respondent-Cross Appellant,

v.

IDAHO DEPARTMENT OF CORRECTION, Defendant–Appellant-Cross Respondent.

Nos. 25121.

Supreme Court of Idaho, Boise, January 2000 Term.

July 6, 2000.

524

Hon. Alan G. Lance, Attorney General; Timothy R. McNeese, Deputy Attorney General, Boise, for appellant. Timothy R. McNeese argued.

Lynn, Scott, Hackney & Jackson, Boise, for respondent. John C. Lynn argued.

WALTERS, Justice.

The Department of Corrections appeals the district court's decision on review of the Idaho Personnel Commission's ruling that it had no jurisdiction to hear an appeal from Kelly Sanchez' dismissal for refusal to accept an ordered transfer. For the following reasons, we remand the matter for a factual finding as to the rationale for the transfer order.

Kelly Sanchez was employed as a corrections officer at the Pocatello Women's Correctional Center. On April 15, 1996, Sanchez was dismissed from his position with the Department for refusing to cooperate with the Department's investigation into an inmate's allegations of sexual misconduct by failing to submit to a polygraph examination as ordered. Sanchez filed a grievance regarding the dismissal and was placed on administrative leave with pay. An impartial review panel recommended that the Department provide Sanchez another opportunity to take the polygraph examination, preceded by the advice that his test results would not be disclosed to the prosecutor. On June 19, 1996, Sanchez submitted to a polygraph exam, whose results proved inconclusive.

By letter dated August 19, 1996, the Department informed Sanchez of its decision on the grievance. Regardless of the fact that Sanchez had ultimately taken the polygraph examination, the Department concluded that Sanchez was subject to discipline on the grounds of insubordination and failure to adhere to department policies. The Department, however, vacated its earlier dismissal order and imposed a thirty-day suspension without pay and a transfer to South Idaho Correctional Facility (SICI) located in Boise. Sanchez served the thirty-day suspension; but he refused to accept the ordered transfer, notifying the Department that he would not be reporting to work in Boise. On September 26, 1996, Sanchez was dismissed from his employment with the Department for failing to accept the involuntary transfer order. Sanchez appealed the dismissal to the Idaho Personnel Commission.

The Commission affirmed the hearing officer's determination that Sanchez's involuntary transfer was not appealable under I.C. § 67–5316(1)(a) and concluded that Sanchez was trying to convert a refusal to accept a transfer into a disciplinary termination. Sanchez then appealed to the district court, which remanded the matter for a factual finding as to whether the transfer was intended to be administrative or disciplinary in nature. The Department appealed, and Sanchez cross-appealed, from the district court's decision.

In reviewing a decision of the district court on appeal from the Commission, the appellate court may set aside the decision of the Commission only if the findings are not based on substantial competent evidence; the Commission has acted without jurisdiction or in excess of its powers; or the Commission's findings of fact do not as a matter of law support the decision. I.C. § 67–5318; *Lockhart v. State Dep't of Fish and Game,* 127 Idaho 546, 552, 903 P.2d 135, 141 (Ct. App.1995). We exercise free review over issues of law. *Soong v. Idaho Dep't of Health & Welfare,* 132 Idaho 166, 968 P.2d 261 (Ct.App.1998).

Citing *Stroud v. Dep't of Labor & Industrial Services,* 112 Idaho 891, 736 P.2d 1345 (Ct.App.1987), the Department contends that involuntary transfers are not within the Commission's hearing jurisdiction. The Department asserts that the Court should affirm the Commission's ruling that no jurisdiction existed for it to review Sanchez' dismissal that occurred as a result of the involuntary transfer order. Sanchez argues that because the transfer order was a modification of his original dismissal for failure to take the polygraph examination, the dismissal stemming from his refusal to accept the transfer order is reviewable by the Commission.

Under I.C. § 67–5316(1)(a), a classified employee is entitled to appeal a disciplinary dismissal, demotion or suspension. The omission of involuntary transfers from the listing found in the statute is significant and reflects the Legislature's intent to exclude them from the Commission's jurisdiction. *See Stroud, supra,* 112 at 892, 736 P.2d at 1346. This Court has held I.C. § 67–5316 to be dispositive and to preclude appeal of matters not expressly denominated therein. *See Sheets v. Idaho Dep't of Health & Welfare,* 114 Idaho 111, 113, 753 P.2d 1257, 1259 (1988) (holding the jurisdiction of administrative authorities to be entirely dependent upon the statutes reposing power in them).

In *Stroud,* the employees grieved their involuntary transfers, which were sustained in the grievance procedure. The decision of the Commission holding that it had no jurisdiction to review involuntary transfers was upheld on appeal. *Stroud, supra,* 112 Idaho at 893, 736 P.2d at 1347. Here, Sanchez did not grieve the ordered transfer, as provided under I.C. § 67–5315, but eventually refused the transfer which led to his dismissal from which he filed a timely appeal. As the district court noted in its memorandum decision, "had Sanchez been dismissed outright rather than transferred as was originally mandated by the director, Sanchez could then have appealed to the Commission. The protections of I.C. § 67–5316(1) should not be avoided simply by the department cloaking disciplinary action under the rubric of an involuntary transfer."

We agree with the district court that the record is ambiguous as to the Department's motivation behind the rejected transfer that was the justification for the renewed dismissal order. The record contains the letter dated August 19, 1996, from the Department Director notifying Sanchez that instead of dismissal, the disciplinary action for violation of department policies and Idaho Personnel Commission rules was being modified as a result of the grievance procedure. The Director also suggests therein that the transfer was a response to the costly expenditure of time and money spent on Sanchez's grievance. In another letter to Sanchez, dated September 16, 1996, the Department Director informed Sanchez that the transfer was a staffing decision, which was made not with the intent to punish but after careful consideration of the best interest of the Department. Still another letter received by Sanchez from the department personnel manager, dated September 27, 1996, indicated that Sanchez' non-acceptance of the Director's final decision reverted the action back to the original sanction, i.e., dismissal. Inasmuch as the conflicting evidence in the record could support either of the alternative findings that Sanchez's transfer was strictly for administrative purposes or constituted disciplinary action, it is appropriate to remand this question to the fact finder. It is not the role of the reviewing court to weigh the evidence but to ascertain whether the finding of the hearing officer in this case is supported by substantial evidence. *See Swisher v. State Dep't of Environmental and*

*Community Services,* 98 Idaho 565, 569 P.2d 910 (1977); *Starr v. Idaho Transp. Dep't,* 118 Idaho 127, 795 P.2d 21 (Ct.App.1990).

Accordingly, we vacate the decision of the Personnel Commission and remand the matter to determine whether the transfer was administrative barring review, or disciplinary, which is the jurisdictional prerequisite to review by the Commission under I.C. § 67–5316(1) and then to take further action consistent with this opinion.

Costs to respondent, cross-appellant, Sanchez.

Justices SILAK, SCHROEDER and KIDWELL concur.

Chief Justice TROUT, concurring in the result.

While I agree with the decision of the Court remanding this case back to the Personnel Commission, I write separately because I cannot agree with the decision regarding the parameters of the hearing to be held on remand. The Court concludes the case should be remanded for "a factual finding as to the rationale for the transfer order." In my opinion, the rationale behind the involuntary transfer order is irrelevant. The only issue for the Personnel Commission to decide on remand is whether the Department's dismissal of Sanchez was a valid disciplinary action under the circumstances of this case.

Under I.C. § 67–5316(1)(a), a classified employee is entitled to appeal a disciplinary dismissal, demotion, or suspension. As the Court's opinion notes, in *Sheets v. Idaho Dep't of Health & Welfare,* 114 Idaho 111, 753 P.2d 1257 (1988), this Court held that "the statutes are dispositive and preclude appeal of matters not expressly denominated." *Sheets,* 114 Idaho at 113, 753 P.2d at 1259. In *Stroud v. Dep't of Labor & Industrial Services,* 112 Idaho 891, 736 P.2d 1345 (Ct.App.1987), the Court of Appeals held that involuntary transfer orders were not appealable to the Personnel Commission because they did not fall within the listing in I.C. § 67–5316(1)(a). In *Sheets,* this Court expressly adopted the holding of *Stroud* with regard to the appealability of orders not

listed in the statute. Thus, under the holdings of these prior cases, I would find that involuntary transfer orders, whether instituted for disciplinary or administrative purposes, are not appealable to the Personnel Commission. As this Court has previously held, "administrative authorities are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the statutes reposing power in them.... " *Id.* (quoting *Washington Water Power Co. v. Kootenai Environmental Alliance,* 99 Idaho 875, 879, 591 P.2d 122, 126 (1979)). However, by remanding this case back to the Commission for a determination of whether the involuntary transfer order was made for disciplinary or administrative purposes, the majority has expanded the jurisdiction of the Commission to include a matter not within the Commission's express statutory jurisdiction.

Additionally, even if Sanchez had a right to appeal a "disciplinary" involuntary transfer order, under I.C. § 67–5316(1)(a) a classified employee has the right to appeal to the Personnel Commission only after the employee has completed the departmental grievance procedure. In this case, it is undisputed that Sanchez did not grieve the imposition of the involuntary transfer. Instead, he simply chose to wait until his suspension ended and then refused to report for work in Boise. Thus, any appeal of the involuntary transfer has been waived under the provisions of I.C. § 67–5315(3). Even if the imposition of the involuntary transfer is considered the result of Sanchez's grievance of his initial disciplinary dismissal, under I.C. § 67–5316(2), an appeal must be filed with the Commission within 35 days of the decision or action of the Department. In this case, Sanchez was notified of the involuntary transfer on August 19, 1996, and did not appeal to the Commission until sometime after September 26, 1996. Therefore, even if the Commission had jurisdiction to consider the issue of the involuntary transfer, the appeal of this issue is untimely.

Although Sanchez has no right to appeal the involuntary transfer order to the Commission, the statute does grant Sanchez the right to appeal his disciplinary dismissal. Thus, the Commission erred in concluding it

had no jurisdiction to hear Sanchez's appeal of his disciplinary dismissal. Therefore, while I agree with the Court that the case should be remanded to the Commission for a hearing regarding Sanchez's disciplinary dismissal, I believe the hearing should be limited to the issue of whether the Department acted properly when it dismissed Sanchez for insubordination after he failed to report for work in Boise as ordered.