141 P.3d 1108

Kelly SANCHEZ, Plaintiff–Respondent,

v.

STATE of Idaho, DEPARTMENT OF CORRECTION, Defendant–Appellant.

No. 32266.

Supreme Court of Idaho, Boise, May 2006 Term.

Aug. 8, 2006.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Brian B. Benjamin argued.

John C. Lynn, Boise, for respondent.

TROUT, Justice.

This appeal involves a dispute between the Idaho Department of Correction (IDOC) and its former employee, Kelly Sanchez. Sanchez had been dismissed from his employment with IDOC as a correctional officer, but it was later determined the discharge was made without proper cause. After various proceedings, the Idaho Personnel Commission (Commission) decided it was without authority to award Sanchez attorney fees and pre-judgment interest. This decision was reversed on appeal to the district court. Because we conclude the regulatory and statutory bases invoked by Sanchez do not support an award of fees or pre-judgment interest against IDOC, we reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The case began in 1996 when an inmate at the Pocatello correctional facilities alleged sexual misconduct by Sanchez. Sanchez disputed that claim and, ultimately, IDOC decided to transfer him to Boise. Not wanting to leave Pocatello, Sanchez refused the transfer. Thereafter, IDOC notified Sanchez that he was being dismissed.

Sanchez appealed to the Commission, and the case was eventually appealed to the district court to resolve a jurisdictional question. The district court remanded the matter to the hearing officer for a determination as to whether the transfer was intended to be administrative, such that the Commission could not review the case, or disciplinary in nature, which is a jurisdictional prerequisite to the Commission's review. The district court's decision was upheld on appeal to this Court in *Sanchez v. Idaho Dept. of Correction*, 134 Idaho 523, 5 P.3d 984 (2000).

On remand, the hearing officer found the transfer was disciplinary and that Sanchez had been discharged without proper cause. Addressing remedies, the hearing officer concluded Sanchez was entitled to reinstatement and reimbursement of back pay. Also, the officer awarded Sanchez his attorney fees under I.C. § 12–117, but qualified that award by stating "unless an award of attorney's fees and expenses is precluded under ... *Idaho Dept. of Correction v. Anderson*, 134 Idaho 680, 8 P.3d 675 (Ct.App.2000)." The hearing officer's supplemental order was filed in March 2003.

IDOC filed an objection with the hearing officer and also filed a petition for review with the Commission. The parties then settled the dispute regarding back pay and mitigation, and all other issues except for fees, costs, and pre-judgment interest. Subsequently, Sanchez requested pre-judgment interest on the amount of back pay. In April 2004, the hearing officer awarded Sanchez fees and costs under I.C. § 12–121 and also pre-judgment interest. IDOC sought review by the Commission of the hearing officer's decision.

On review, the Commission concluded the hearing officer erred when he awarded fees and costs because neither I.C. § 12–121 nor I.C. § 12–117 authorized fees against IDOC and also because neither I.C. § 67–5316(4) nor IDAPA 15.04.01.201.10 (Rule 201) provided a basis for a fee award. Also, the Commission concluded the award of pre-judgment interest was in error due to IDOC's sovereign immunity. Sanchez appealed to the district court.

On appeal, the district court determined the Commission had authority to award attorney fees under I.C. § 67–5316(4) and Rule 201. Also, the court reasoned that a history of Commission orders awarding attorney fees against IDOC in similar employment cases created a de facto administrative interpretation of rules and laws that the Commission was bound to follow unless and until it changed its interpretation by rulemaking. The district court also ruled pre-judgment interest was clearly authorized by I.C. § 67–5316(4). The court remanded the case for a determination of fees and pre-judgment interest in accordance with the hearing officer's conclusions. IDOC timely appealed.

## II. STANDARD OF REVIEW

■ Idaho Code section 67–5318 governs judicial review of Commission decisions as follows:

Upon the appeal of a decision of the commission, the district court may affirm, or set aside and remand the matter to the commission upon the following grounds, and shall not set the same aside on any other grounds:

(1) That the findings of fact are not based on any substantial, competent evidence;

(2) That the commission has acted without jurisdiction or in excess of its powers;

(3) That the findings of fact by the commission do not as a matter of law support the decision.

The same standard applies when this Court reviews the Commission's decision on further appeal. *Whittier v. Department of Health and Welfare*, 137 Idaho 75, 78, 44 P.3d 1130, 1133 (2002). Because the decision of the Commission effectively displaces the proposed decision of the hearing officer, and because the appellate court is directed to review "a decision of the commission," it is the full Commission's decision, rather than the hearing officer's decision, that is to be reviewed. *Idaho State Ins. Fund v. Hunnicutt*, 110 Idaho 257, 259, 715 P.2d 927, 929 (1985). This Court exercises free review over issues of law. *Whittier*, 137 Idaho at 78, 44 P.3d at 1133.

■ The issue of whether the Commission has authority to award attorney fees involves the interpretation of various statutes and Rule 201. Statutory interpretation is a question of law over which this Court exercises free review. *State v. Quick Transport, Inc.*, 134 Idaho 240, 244, 999 P.2d 895, 899 (2000). Administrative regulations are subject to the same principles of statutory construction as statutes. *Mason v. Donnelly Club*, 135 Idaho 581, 586, 21 P.3d 903, 908

(2001). The language of either should be given its plain, obvious and rational meaning. *Id.* In other words, if the language is clear and unambiguous, the Court need not engage in any statutory construction. *Quick Transport, Inc.*, 134 Idaho at 244, 999 P.2d at 899. "Only where the language is ambiguous will this Court look to rules of construction for guidance and consider the reasonableness of proposed interpretations." *Albee v. Judy*, 136 Idaho 226, 231, 31 P.3d 248, 253 (2001).

## III. DISCUSSION

The principal issues on appeal include (1) whether the Commission has authority to award attorney fees against IDOC based on the arguments presented by Sanchez, and (2) whether sovereign immunity precludes an award of pre-judgment interest against IDOC.

### A. Attorney fees

■ Sanchez asserts that under Rule 201, I.C. § 12–121, and/or I.C. § 67–5316(4), the Commission is authorized to award fees against IDOC. While it appears I.C. § 12–117 [1] may provide an alternative basis for a fee award, Sanchez has conceded on appeal that the statute does not apply. This concession was based on a decision from the Idaho Court of Appeals, *see Idaho Dept. of Correction v. Anderson*, 134 Idaho 680, 8 P.3d 675 (Ct.App.2000) (ruling IDOC is not a "state agency," so I.C. § 12–117 does not apply), and not on any decision or interpretation of the statute by this Court. Nevertheless, as Sanchez chose not to make the argument about why I.C. § 12–117 might support a fee award against IDOC, we will not address this statute further.

### 1. Rule 201

Former Rule 201 applies to these proceedings and addresses attorney fee awards:

and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.
I.C. § 12–117(1); *Stewart v. Department of Health and Welfare*, 115 Idaho 820, 771 P.2d 41 (1989).

---

1. Idaho Code section 12–117 addresses attorney fees as follows:

(1) Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees

*Procedure For Award Of Attorney Fees And Costs.* If the hearing officer finds in favor of the employee in whole or in part, the hearing officer shall make a finding as to whether or not the state agency acted without a reasonable basis in fact or law. *If the employee is entitled to statutory attorney fees* and costs, counsel for the employee shall file a memorandum of costs, including a supporting affidavit stating the basis and method of computation of the amount claimed. . . .

IDAPA 15.04.01.201.10 [2] (emphasis added). We agree with the Commission's determination Rule 201 is not an independent basis for a fee award, but only describes the procedure to be followed if there is a statutory basis for such an award. The italicized language clearly emphasizes that an award of fees is dependent on the existence of a statute to support it. This interpretation reflects the "American Rule" requiring parties to bear their own attorney fees absent statutory authorization or contractual right. *See Idaho Dept. of Law Enforcement v. Kluss,* 125 Idaho 682, 684, 873 P.2d 1336, 1338 (1994). Thus, we turn to Sanchez's arguments regarding a statutory basis for fees.

### 2. *I.C. § 12–121*

■■■■ The Commission determined I.C. § 12–121 did not provide authority for an award of fees in this administrative action. Idaho Code section 12–121 authorizes a court to award the prevailing party fees "in any civil action" where the case was brought, pursued or defended frivolously. *Minich v. Gem State Dev., Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). This Court has clarified that Idaho Rule of Civil Procedure 3(a) "clearly declares that 'a civil action is commenced by filing a complaint with the court.'" *Lowery v. Board of County Com'rs for Ada County,* 117 Idaho 1079, 1081, 793 P.2d 1251, 1253 (1990). Here, the matter before the district court was a decision of the Commission made pursuant to the appeals

provisions of the Personnel System Act and brought before the district court by the filing of an appeal. Like the proceedings in *Lowery,* these proceedings do not constitute a civil action commenced by the filing of a complaint as required by Rule 3(a). *See id.* at 1082, 793 P.2d at 1254. Consequently, we conclude the Commission correctly ruled it did not have authority under I.C. § 12–121 to award fees in this proceeding.

### 3. *I.C. § 67–5316(4)*

■■■■ Idaho Code section 67–5316(4) directs that in wrongful discharge cases, the Commission "shall order the reinstatement of the employee . . . , with or without loss of pay for the period of discharge, . . . *or* may order such other remedy as may be determined to be appropriate." I.C. § 67–5316(4) (emphasis added). Sanchez argues this statute, in conjunction with Rule 201, gives the Commission authority to award fees in Commission proceedings. We disagree.

■■■■ In order for attorney fees to be awarded pursuant to a statute, the statute must clearly contemplate that particular remedy. *See Idaho Power Co. v. Idaho Pub. Util. Comm'n,* 102 Idaho 744, 751, 639 P.2d 442, 449 (1981) ("[I]t is clear that the Idaho legislature has provided for the award of attorney fees specifically when it so intends, and only when it so intends."). In *Idaho Power,* the agency sought to award fees pursuant to I.C. §§ 61–501 and 601, which empowered the agency to regulate every public utility in the state and to do all things necessary to carry out the spirit and intent of the provisions of the public utilities law, including adopting rules of practice and procedure. The Court determined there was nothing in this broad language authorizing an award of compensation in the form of attorney fees. Similarly, I.C. § 67–5316(4) does not specifically address fees and, in fact, lists the available remedies in the disjunctive.

**2.** The current rule addressing attorney fees was made effective in 2004 and sets forth the following procedure:

> *Procedure For Award Of Attorney Fees And Costs.* As part of his preliminary order, the hearing officer shall make findings as to the entitlement to attorney fees and costs, if any, pursuant to Section 12–117, Idaho Code. If the

> hearing officer finds a prevailing party is entitled to statutory attorney fees and costs, the prevailing party shall file a memorandum of costs, including a supporting affidavit stating the basis and method of computation of the amount claimed. . . .
>
> IDAPA 15.04.01.201.11.

■ In determining what was intended by the phrase "such other remedy as may be determined to be appropriate," we consider the preceding remedies mentioned in the statute. "Where general words of a statute follow an enumeration of persons or things, such general words will be construed as meaning persons or things of like or similar class or character to those specifically enumerated." *State v. Kavajecz*, 139 Idaho 482, 486, 80 P.3d 1083, 1087 (2003). The statute specifically mentions reinstatement, with or without loss of pay. Nothing in that phrase would lead to the conclusion the legislature also intended to include an award of attorney fees as a possible "other remedy." A fair reading of I.C. § 67–5316(4) leads to the conclusion Sanchez is not entitled to an award of attorney fees.

### 4. Equal Protection

Sanchez contends that if this Court concludes there is no basis for an award of attorney fees, then equal protection has been violated because employees of state agencies—but not IDOC employees—may recover their fees under I.C. § 12–117. Unfortunately, Sanchez couches his argument as a challenge to the constitutionality of Rule 201. As already noted, Rule 201 simply sets out the procedures for an award of fees if there is a statutory basis for such an award. The rule itself does not create the classification Sanchez complains of; it merely lists the procedures to be followed by *all* employees entitled to fees by statute. Sanchez presents no arguments as to whether any of the statutes at play here are unconstitutional. *See State v. Avelar*, 129 Idaho 700, 703, 931 P.2d 1218, 1221 (1997) (stating the party challenging a statute on constitutional grounds bears the burden of establishing that the statute is unconstitutional). For that reason, we will not address Sanchez's equal protection argument.

3. Idaho Code section 28–22–104(1) provides, "When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of twelve cents (12¢) on the hundred by the year on ... [m]oney after the same becomes due."

4. Sanchez presented no argument that IDOC is not entitled to sovereign immunity because IDOC is not a "state agency." *See Bott v. Idaho State*

## B. Pre-judgment Interest

■ The Commission ruled it did not have authority to award pre-judgment interest against IDOC because neither the general law on interest, I.C. § 28–22–104,[3] nor the general language of I.C. § 67–5316(4) overcame the presumption of IDOC's sovereign immunity from such an award.

■ It is the general rule that, under the doctrine of sovereign immunity, a governmental unit can only be sued upon its consent. *University of Utah v. Twin Falls County*, 122 Idaho 1010, 1017, 842 P.2d 689, 696 (1992). The same doctrine prevents the assessment of interest on debts of the state, without the state's consent.[4] *Id.* (citing Idaho Constitution, art. 7 § 13, which states, "[n]o money shall be drawn from the treasury, but in pursuance of appropriations made by law"). "Generally, such consent is evidenced by the state constitution or a legislative mandate allowing the assessment of interest against the state, and in the absence of constitutional language or a *specific* statute, the state may not pay interest." *Id.* (emphasis added). Like an award of attorney fees, then, an interest award against the state requires a clear and specific assertion by the legislature.

The *University of Utah* Court specifically held I.C. § 28–22–104 does not overcome the presumption of the state's sovereign immunity. Also, I.C. § 67–5316(4) speaks only of "pay" and makes no mention of interest. This language does not qualify as a clear waiver of sovereign immunity; therefore, we do not find a basis for an award of pre-judgment interest against IDOC.

## C. Attorney fees on appeal

■ Sanchez requests attorney fees on appeal under I.C. §§ 12–117, 12–121 and 67–5316(4). Given the result of this appeal,

*Bldg. Authority*, 128 Idaho 580, 591, 917 P.2d 737, 748 (1996) (ruling a public entity was not immune from interest under the sovereign immunity doctrine because the entity was not a "state agency"). Rather, Sanchez's sole argument is that I.C. § 67–5316(4) is specific enough to overcome IDOC's sovereign immunity. Therefore, we do not address whether IDOC is or is not an agency entitled to such immunity in the first instance.

Sanchez is not entitled to an award of attorney fees.

## IV. CONCLUSION

The district court's determination the Commission was authorized to award fees against IDOC is reversed because the statutory grounds argued by Sanchez do not support such an award. Likewise, we reverse the district court's conclusion I.C. § 67–5316(4) waived IDOC's sovereign immunity from interest awards because the language of that statute is not specific enough to constitute a waiver. We award costs on appeal to IDOC.

Chief Justice SCHROEDER and Justice BURDICK concur.

Justice EISMANN, concurring, with the following exception.

The majority states that "it appears I.C. § 12–117 may provide an alternative basis for a fee award." That statement would be true only if a majority of this Court endorsed the clear abuse of power by the majority in *Stewart v. Department of Health and Welfare,* 115 Idaho 820, 771 P.2d 41 (1989).

Idaho Code § 12–117(1) provides:

Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

That statute provides that, under certain circumstances, a court "in any administrative or civil judicial proceeding" can award attorney fees to the prevailing party in the court action. There are two ways in which cases involving as adverse parties a state agency, city, county, or other taxing district and a person can be brought before a court. One is by appealing an administrative proceeding to the court. The other is by filing a civil action in the court. The appeal from an administrative proceeding is not a civil action. *Lowery v. Board of County Comm'rs,* 117 Idaho 1079, 793 P.2d 1251 (1990). Thus, Idaho Code § 12–117 provides that the court can award attorney fees regardless of whether the case is an "administrative ... judicial proceeding" (an appeal from an administrative proceeding) or a "civil judicial proceeding" (a civil action filed in the court).

In *Stewart v. Department of Health and Welfare,* the majority first misconstrued Idaho Code § 12–117 as meaning that once an administrative appeal came to the court, the court could award attorney fees for proceedings before the administrative agency. It apparently failed to realize that an administrative appeal is not a "civil judicial proceeding." It therefore thought that the word "administrative" referred to the proceedings before the administrative agency. It then decided that since its misconstruction of the statute created an "anomaly," it would simply rewrite the statute to provide that administrative agencies could award attorney fees under Idaho Code § 12–117.

It is urged that the precise language of I.C. § 12–117, i.e., in any administrative or civil judicial proceeding involving as adverse parties a state agency and a person, the court shall award the person reasonable attorney fees, witness fees and reasonable expenses, if "the court" finds "in favor of the person and also finds that the state agency acted without a reasonable basis in fact or law," can only be interpreted to authorize "the court" to award such attorney fees. We cannot agree.

Such a result would be an anomaly. A litigant before an administrative tribunal, who is successful against a state agency which had acted without a reasonable basis in fact or law, would be denied attorney fees, while a litigant who is unsuccessful before that administrative tribunal might later be awarded attorney fees for the proceedings before the administrative tribunal upon a reversal by a district court.

115 Idaho at 823–24, 771 P.2d at 43–44.

Idaho Code § 12–117 authorizes the *court* to award reasonable attorney's fees, witness fees and reasonable expenses. There is absolutely no rational way that the word "court" can be construed to include "administrative tribunal." The majority decision in *Stewart v. Department of Health and Wel-*

*fare* is simply a rewriting of the statute by the Court.

Although this Court has the power to misconstrue statutes, it does not have the power to rewrite them. Doing so is simply a blatant abuse of power and a violation of the separation of powers. When confronted with such examples of judicial misconduct, this Court must have the integrity to overrule them.

Justice JONES concurring in part and dissenting in part.

I concur in the Court's opinion, except for part IIIB, pertaining to the issue of interest on Sanchez' back pay. I dissent with respect to part IIIB, wherein the Court holds that the IDOC is protected against having to pay interest on Sanchez' back pay by virtue of the doctrine of sovereign immunity. The holding is in error because the State may not enter into a contract and then assert sovereign immunity when the other contracting party seeks redress under the contract.

The Court cites *University of Utah v. Twin Falls County*, 122 Idaho 1010, 842 P.2d 689 (1992) as authority for the proposition that the doctrine of sovereign immunity precludes an interest award in this case. However, the University of Utah case did not involve a contract. Indeed, in that case the Court noted:

> An alternate way to find consent to payment of interest may be by virtue of an express or implied contractual provision, but that method is immaterial here. *Bond v. State*, 70 Wash.2d 746, 425 P.2d 10 (1967).

122 Idaho at 1018, 842 P.2d at 697.

In *Bond v. State*, the case cited to by this Court in the *University of Utah* case, the Washington Supreme Court stated:

> However, the generally recognized rule . . . is that a state is not liable for interest in any case except where expressly, or by a reasonable construction of a contract or statute, it has placed itself in a position of liability.

425 P.2d at 11. The Washington Supreme Court followed up on this ruling in *Architectural Woods, Inc. v. State*, 92 Wash.2d 521, 598 P.2d 1372 (Wash.1979) holding that, while the state "cannot be held to interest on

its debts" without its consent, the entry of the state into an authorized contract provides such consent and waives sovereign immunity. According to that court:

> It is our opinion that the consent to liability for interest which was required under the rule of [a previous case] can be an implied consent, and is not limited to the express statutory or contractual consent, which was required by subsequent cases. It is our further opinion that by the act of entering into an authorized contract with a private party, the State, absent a contractual provision to the contrary, thereby waives its sovereign immunity in regard to the transaction and impliedly consents to the same responsibilities and liabilities as the private party, including liability for interest.

598 P.2d at 1375. Of particular interest is the Washington Supreme Court's reliance on *Grant Construction Co. v. Burns*, 92 Idaho 408, 443 P.2d 1005 (1968). The court stated:

> In finding an implied consent by the State to be sued on authorized contracts, we agree with the reasoning of the Idaho Supreme Court in *Grant Constr. Co. v. Burns*, 92 Idaho 408, 443 P.2d 1005 (1968). In that case, the state of Idaho claimed that it could not be held liable for damages arising from its breach of contract because the State had not expressly waived its immunity from suit. There existed no express statute under which the State could be sued for breach of contract. However, the Idaho Supreme Court held that a waiver of sovereign immunity in such a situation could be implied.

*Id.* at 1376. The court further supported its decision by citing to the opinion of the Indiana Supreme Court in *Carr v. State ex rel. Coetlosquet*, 127 Ind. 204, 26 N.E. 778 (1891).

Interestingly, the Idaho Supreme Court cited to the same Indiana Supreme Court decision in reaching its conclusion in the *Grant Construction* case that sovereign immunity did not apply to contracts entered into by the State of Idaho. The Court quoted from the *Carr* case, as follows:

> 'In entering into the contract it [the state] laid aside its attributes as a sovereign, and bound itself substantially as one of its citizens does when he enters into a contract.

Its contracts are interpreted as the contracts of individuals are, and the law which measures individual rights and responsibilities measures, with few exceptions, those of a state whenever it enters into an ordinary business contract * * *. The principle that a state, in entering into a contract, binds itself substantially as an individual does under similar circumstances, necessarily carries with it the inseparable and subsidiary rule that it abrogates the power to annul or impair its own contract. It cannot be true that a state is bound by a contract, and yet be true that it has power to cast off its obligation and break its faith, since that would invoke the manifest contradiction that a state is bound and yet not bound by its obligation. * * * "

*Grant Construction*, 92 Idaho at 412, 443 P.2d at 1009. The Court went on to say:

Courts in other jurisdictions are in accord with the ruling of the Supreme Court of Indiana and have held, in effect, that where the legislature has by statute authorized the state to enter into certain contracts, the state upon entering into such a contract thereby consents to be sued if it breaches the contract to the damage of the other contracting party.... We agree with this principle. To deny the right to sue in such a contractual situation would be to deprive the damaged contracting party of property without due process of law. U.S. Const. Amendments 5 and 14. Accordingly, we hold that where, as here, the state has entered into a contract pursuant to legislative authorization, the state has consented to be sued for alleged breaches of its contractual responsibilities and cannot invoke the protection of sovereign immunity.

92 Idaho at 412–413, 443 P.2d at 1009–1010. The Court continued:

We therefore hold that where the state has waived immunity to be sued by entering into and assuming legislatively authorized contractual obligations, it incurs legal rights and responsibilities similar to those of the individual citizen, and an action for breach of contract against the state may be brought in the district court, which is the proper tribunal for adjudicating all cases in law and equity.

*Id.*

The *Grant Construction* decision was part of an effort to overcome the old world mindset that the sovereign could do no wrong. In several decisions beginning in 1950, the Court pummeled the doctrine of sovereign immunity on a number of fronts. This Court's effort to trim back the sovereign immunity doctrine was discussed in *Smith v. State*, 93 Idaho 795, 802, 473 P.2d 937, 944 (1970), as follows:

This Court has already acted to limit the doctrine of sovereign immunity. In the case of *Renninger v. State*, 70 Idaho 170, 213 P.2d 911 (1950) the Court refused to follow the doctrine of sovereign immunity in cases involving the taking of private property by the state and where the owner seeks recovery by inverse condemnation. In the recent case of *Grant Construction Co. v. Burns*, 92 Idaho 408, 443 P.2d 1005 (1968) this Court abolished the doctrine of sovereign immunity in contract actions. In view of all these indications which unequivocally demonstrate that sovereign immunity is looked upon with disfavor by all three branches of our state government and the noticeable trend evidenced in other jurisdictions, we hereby hold that the doctrine of sovereign immunity is no longer a valid defense in actions based upon tortuous acts of the state or any of its departments, political subdivisions, counties, or cities, where the governmental unit has acted in a proprietary as distinguished from a governmental capacity.

In other words, sovereign immunity does not act as a shield when the government engages in the type of activities engaged in by private parties, such as entering into contractual arrangements. This is a contract action and sovereign immunity simply does not apply.

When the State, or a private party, hires an individual to perform services, a contract of employment comes into being. Here, Sanchez was employed by IDOC under an employment contract.[5] Under the contract,

---

5. There is no doubt that IDOC has legislative authority to contract for employment of correctional officers. Each year IDOC receives legisla-

tive authorization to employ and pay its personnel. *See e.g.* 2006 Idaho Session Laws, ch. 301,

IDOC was required to pay wages to Sanchez at specified times each month. Those wage payments ceased when Sanchez was improperly terminated. Sanchez successfully instituted proceedings in the Commission to obtain reinstatement and payment of the wages that would have been owing, had the employment contract not been wrongfully terminated. Had Sanchez been an employee of a private party, he would have been entitled to interest on each increment of the unpaid wages from the time the same became due. *DeWitt v. Medley*, 117 Idaho 744, 748, 791 P.2d 1323, 1327 (Ct.App.1990) (employee entitled to prejudgment interest on unpaid wages under I.C. § 28–22–104(1)). An award of interest is proper in order to compensate Sanchez for the loss of use of this money. *Dillon v. Montgomery*, 138 Idaho 614, 617, 67 P.3d 93, 96 (2003). The district court properly awarded Sanchez interest on his back pay and that award should be upheld on this appeal.

authorizing IDOC to employ and pay up to 1554.4 full-time equivalent employees.