**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 37304**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 662 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 5, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRENT LEE HOWARD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order denying Idaho Criminal Rule 35 motion and motion for credit for time served, remanded.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Brent Lee Howard was found guilty of grand theft. Idaho Code §§ 18-2403 and 18-2407(1)(b)(3). The district court imposed a unified seven-year sentence with a two-year determinate term, suspended the sentence and placed Howard on probation for five years. Subsequently, Howard admitted to violating his probation four times and he served two periods of retained jurisdiction before the district court revoked his probation and ordered executed a reduced unified sentence of seven years with one and one-half years determinate. More than two years later, Howard filed a motion for credit for time served and an Idaho Criminal Rule 35 motion for a reduction of sentence. The district denied both motions. Howard appeals,

1

contending that the district court abused its discretion by denying his Rule 35 motion and motion for credit for time served.

The district court determined that it was "without the authority at this point in time to consider granting the Defendant credit for time served pursuant to ICR 35," citing *State v. Clements*, 148 Idaho 82, 218 P.3d 1143 (2009). On this appeal both Howard and the State agree that the district court had authority to consider the motion for credit for time served. However, the State contends that Howard failed to show from the record any error in the amount of credit given and, thus, failed to demonstrate entitlement to relief. On this basis, the State asks this Court to affirm the district court's denial of the motion for credit for time served. *See State v. Avelar*, 129 Idaho 700, 704, 931 P.2d 1218, 1222 (1997) (where the lower court reaches the correct result by a different theory, the appellate court will affirm the order on the correct theory). We decline the State's invitation to review the record relative to the time served issue in the first instance. Despite the procedural issues raised by the parties, we note that after Howard's motions were denied, the Supreme Court amended Rule 35 to provide that "a motion to correct the computation of credit for time served prior to sentencing may be made at any time." I.C.R. 35(c) (effective December 9, 2009). The State admits that Howard is not precluded from pursuing a motion for credit for time served under the amended rule. Thus, without necessarily agreeing with the procedural analysis of either party in this case, and in the interest of efficient judicial administration, we remand to the district court to determine whether Howard is entitled to additional credit for time served.