771 P.2d 41

**Dorsie L. STEWART and Dorla L. Summers, Petitioners–Appellants,**

v.

**DEPARTMENT OF HEALTH AND WELFARE and Idaho State School and Hospital, Respondents.**

**No. 17285.**

Supreme Court of Idaho.

March 8, 1989.

Rehearing Denied April 20, 1989.

Gigray, Miller, Downen, Weston & Pasley, Caldwell, for petitioners-appellants. Scott E. Fouser argued, Caldwell.

Jim Jones, Idaho Atty. Gen., Michael R. DeAngelo, Deputy Atty. Gen., Boise, for respondents. Michael R. DeAngelo argued, Boise.

SHEPARD, Chief Justice.

This is an appeal from a decision of the district court which in turn was an appeal from a decision from the Idaho Personnel Commission. The sole issue on appeal to the district court was the authority of the Personnel Commission to award attorney fees to a successful party in an administrative appeal. The district court held that the Personnel Commission had no such authority to award attorney fees. We reverse.

Appellants Stewart and Summers were dismissed from their employment at the Idaho State School and Hospital. They appealed their dismissal, and after hearings before the Idaho Personnel Commission were both reinstated, awarded full back pay, and restoration of all employment benefits. Although it was held in the proceedings before the Personnel Commission that Stewart and Summers should be entitled to attorney fees, but nevertheless the Commission had no authority to award costs or attorney fees.

From that decision of the Personnel Commission no appeal or cross-appeal was taken by the Idaho State School and Hospital. Nevertheless Stewart and Summers appealed solely from the decision of the Personnel Commission denying them costs and attorney fees. The district court affirmed the denial of costs and attorney fees to Stewart and Summers, reasoning that no statutory authority existed for the award of such attorney fees in proceedings before the Personnel Commission.

The record reveals that in the proceedings before the Personnel Commission the hearing officer stated:

In the present cases, I am of the opinion that the action taken by ISSH [Idaho State School and Hospital] in each of the cases was not only without proper cause but also was without a reasonable basis in fact. Accordingly, appellants should be entitled to attorney's fees under the statute, however, the authority to award attorneys fees and costs appears to rest only with a court.

. . . .

Even though I feel the Appellants are entitled to attorney's fees and costs in their appeals I am still of the opinion that I do not have authority to make such an award.

The district court shared the opinion of the Personnel Commission and its hearing officer and denied an award of costs and attorney fees. The trial court examined our decision in *Bogner v. State Dept. of Revenue & Taxation*, 107 Idaho 854, 693 P.2d 1056 (1984) in reaching his conclusion. We disagree.

*Bogner* had appealed an adverse ruling of the Tax Commission to the district court. The district court awarded Bogner attorney fees incurred for legal representation *at the administrative remedy stage* and that action was affirmed on appeal to this Court.

This Court in *Bogner* stated:

Our interpretation of § 12–121 is supported by the recent legislation of I.C. § 12–117:

"**Attorney fees, witness fees and expenses awarded in certain instances.** —(1) In any administrative or civil judicial proceeding involving as adverse parties a state agency and a person, the court shall award the person reasonable attorney's fees, witness fees and reasonable expenses, if the court finds in favor of the person and also finds that the state agency acted without a reasonable basis in fact or law."

We believe the purpose of that statute is two-fold: (1) to serve as a deterrent to groundless or arbitrary agency action; and (2) to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against groundless charges or attempting to correct mistakes agencies should never have made. (citations omitted).

*Bogner*, 107 Idaho at 858–59, 693 P.2d 1056.

■ Hence, it is clear, pursuant to *Bogner*, when the claimant loses at the administrative level, but prevails upon an appeal to the district court, and the district court finds in that person's favor and finds that the state agency acted without a reasonable basis in law or fact, that attorney fees may be awarded for proceedings at the administrative agency level.

In the instant case the facts are more pointed than in *Bogner*. Here, Stewart and Summers were not the losers at the administrative tribunal level, but rather they were the winners. Here the administrative tribunal held that the action taken by Idaho State School and Hospital in each case was not only without proper cause, but without a reasonable basis in fact. The administrative tribunal held that while such would justify an award of attorney fees and costs, it was without the authority to so grant.

Thus, we are urged by the Idaho State School and Hospital to take an anomalous position, *i.e.*, that a party who has lost in an administrative proceeding, but who prevails upon appeal to the district court, may

receive costs and attorney fees for the proceedings before the administrative tribunal. On the other hand it was urged that a person who has prevailed in proceedings before an administrative tribunal and which tribunal has found that the agency action was "not only without probable cause but was also without a reasonable basis in fact" nevertheless cannot recover attorney fees and costs. Such a result would reward an administrative agency for its intransigence and penalize a litigant who has prevailed at the administrative tribunal level. On the other hand, and ironically, it would reward a litigant who has failed at the administrative tribunal level but succeeded upon appeal to the district court. We view such a result as flying in the face of common sense.

In the instant case the learned district court correctly pointed out in its decision that *Bogner* does not stand for authority that an *agency* has jurisdiction to award attorney fees for costs incurred at the administrative level. We agree. Nevertheless, it is clear that *Bogner* does stand for authority that a district court is authorized to award attorney fees for proceedings incurred at the administrative level prior to the time of the institution of the action before the district court. In *Bogner*, as pointed out herein, the ultimate prevailing party had lost at the administrative tribunal level. In the instant case Stewart and Summers prevailed before the administrative tribunal.

■ In the instant case we hold that the Idaho Personnel Commission erred in its conclusion of law in ruling that it has *no* jurisdiction to award attorney fees to a successful party in an administrative appeal if it finds that the "state agency acted without a reasonable basis in fact or law." I.C. § 12–117.

It is urged that the precise language of I.C. § 12–117, *i.e.*, in any *administrative* or civil judicial proceeding involving as adverse parties a state agency and a person, the court shall award the person reasonable attorney fees, witness fees and reasonable expenses, if "the court" finds "in favor of the person and also finds that the

state agency acted without a reasonable basis in fact or law," can only be interpreted to authorize "the court" to award such attorney fees. We cannot agree.

Such a result would be an anomaly. A litigant before an administrative tribunal who is successful against a state agency which had acted without a reasonable basis in fact or law, would be denied attorney fees, while a litigant who is unsuccessful before that administrative tribunal might later be awarded attorney fees for the proceedings before the administrative tribunal upon a reversal by a district court.

We therefore reverse the decision of the district court and remand the cause to the district court with directions that he in turn remand the cause to the Idaho Personnel Commission for the award of reasonable attorney fees, witness fees and reasonable expenses to the petitioners-appellants Stewart and Summers. Costs but no attorney fees on this appeal.

BISTLINE and HUNTLEY, JJ. concur.

BAKES, Justice, dissenting:

The sole issue in this case is whether or not I.C. § 12–117 gives the Idaho Personnel Commission jurisdiction to award attorney fees when the Personnel Commission finds in favor of the claimant, and also finds that the state agency acted without a reasonable basis in fact or law. I.C. § 12–117 provides in part:

12–117. **Attorney's fees, witness fees and expenses awarded in certain instances.**—(1) In any administrative or civil judicial proceeding involving as adverse parties a state agency and a person, *the court* shall award the person reasonable attorney's fees, witness fees and reasonable expenses, if the court finds in favor of the person and also finds that the state agency acted without a reasonable basis in fact or law. (Emphasis added.)

The Personnel Commission concluded that, while I.C. § 12–117 gave a reviewing court authority to award attorney fees "if the

court finds in favor of the person," I.C. § 12–117 did not give the Personnel Commission such authority. I believe the Personnel Commission correctly interpreted the statute.

Appellants Stewart and Summers received the relief which they sought from the Personnel Commission. They did not have to appeal to the district court to obtain their requested relief, as was the case in *Bogner v. State Dept. of Revenue & Taxation,* 107 Idaho 854, 693 P.2d 1056 (1984). They appealed to the district court from the Personnel Commission's denial of an award of attorney fees and costs pursuant to I.C. § 12–117.

The district court affirmed the Personnel Commission's conclusion that it did not have jurisdiction under 12–117 to award attorney fees. The district court distinguished *Bogner v. State Dept. of Revenue & Taxation,* 107 Idaho 854, 693 P.2d 1056 (1984), concluding that in *Bogner* the claimant had appealed an adverse ruling of the Tax Commission, and it was the court (not the Commission) which found in favor of the person. However, in the present case the district court noted that it was the Personnel Commission (not the court) which found in favor of Stewart and Summers, and therefore the case did not come within the language of 12–117 which provides that *"if the court finds in favor of the person* and also finds that the state agency acted without a reasonable basis in fact or law," attorney fees could be awarded. (Emphasis added.)

The majority opinion, which reverses the district court and concludes that the Idaho Personnel Commission does have jurisdiction to award attorney fees under 12–117, "remand[s] the cause to the Idaho Personnel Commission for the award of reasonable attorney fees, witness fees and reasonable expenses...." I believe the statute provides otherwise.

The general rule is that an administrative agency has no power to award attorney fees unless specifically authorized by statute or by an express agreement be-

tween the parties.[1] *Idaho Power Co. v. Idaho Public Util. Comm'n,* 102 Idaho 744, 639 P.2d 442 (1981). While an administrative agency may determine whether it has authority by statute or express agreement to award attorney fees, it may not confer upon itself that power. *Idaho Power Co. v. Idaho Public Util. Comm'n,* 102 Idaho 744, 639 P.2d 442 (1981); *Washington Water Power Co. v. Kootenai Environmental Alliance,* 99 Idaho 875, 591 P.2d 122 (1979). The statute which the majority opinion holds authorizes the Idaho Personnel Commission to award attorney fees, I.C. § 12–117, states that, "the *court* shall award the person reasonable attorney's fees, witness fees and reasonable expenses, *if the court finds in favor of the person and also finds that the state agency acted without a reasonable basis in fact or law."* (Emphasis added.) The district court made no such findings. Those issues were never before the district court.

We have recently held in a similar case that I.C. § 12–121, which provides that "in any civil action, the judge may award reasonable attorney's fees," does not apply to attorney fees in administrative proceedings, even after they are appealed into the court system. The definition of "courts" in I.C. § 1–101 does not include the Idaho Personnel Commission or any other executive branch entity. *See Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979).

The majority opinion appears to be motivated in its analysis primarily by its perception that to do otherwise would result in an anomalous position, *i.e.,* that a party who has lost in the administrative proceeding, but who prevails upon appeal to the district court, may receive costs and attorney fees for the proceedings before the administrative tribunal. On the other hand it was urged that a person who has prevailed in proceedings before an administrative tribunal and which tribunal has found that the agency action was "not only without probable cause but was also without a reasonable basis in fact" nevertheless cannot recover attorney fees and costs. Such a result would reward an administrative agency for its intransigence and penalize a litigant who had prevailed at the administrative tribunal level.[2]

*Stewart v. Dept. of Health & Welfare,* 115 Idaho 820, 822, 771 P.2d 41, 43 (1989).

However, what the majority sees as an anomaly merely reflects a legislative determination that if a claimant can obtain relief entirely within the administrative agency appeal procedure, and no action is required in the courts to secure that relief, then, in the judgment of the legislature, costs or attorney fees are unnecessary. That legislative judgment could well be premised upon the understanding that administrative proceedings tend to be informal and less expensive to present. However, if the claimant does not receive relief from the administrative agency and has to go to the district court, and "if the court finds in favor of the person and also finds that the state agency acted without a reasonable basis in fact or law," then the award of attorney fees by the court is appropriate. I.C. § 12–117(1). Such a legislative determination would not be an anomaly, but a rational reflection of legislative priorities.

*Stewart v. Dept. of Health & Welfare,* 115 Idaho 820, 822, 771 P.2d 41, 43 (1989) (emphasis in original).

However, shortly thereafter the Court's opinion states:

> In the instant case we hold that the Idaho Personnel Commission erred in its conclusion of law in ruling that it has *no* jurisdiction to award attorney fees to a successful party in an administrative appeal if it finds that the "state agency acted without a reasonable basis in fact or law." I.C. § 12–117.

*Id.* (emphasis in original).

---

1. There is no contention that an express agreement existed which would have authorized an award of attorney fees.

2. It is unclear exactly how the majority opinion responds to its anomaly. Following the above quotation, the majority opinion states conflictingly:

> In the instant case the learned district court correctly pointed out in its decision that *Bogner* does not stand for authority that an *agency* has jurisdiction to award attorney fees for costs incurred at the administrative level. We agree.

Accordingly, I would hold that the district court did not err in concluding that I.C. § 12–117 does not authorize or grant jurisdiction to the Idaho Personnel Commission to award costs or attorney fees in proceedings before it. Our prior cases require that result. *Idaho Power Co. v. Idaho Public Util. Comm'n,* 102 Idaho 744, 639 P.2d 442 (1981). The district court's decision should be affirmed.

JOHNSON, J., concurs.