939 P.2d 584

David OCKERMAN, Petitioner–Appellant,

v.

ADA COUNTY BOARD OF
COMMISSIONERS,
Respondents.

No. 23080.

Court of Appeals of Idaho.

May 30, 1997.

Ratliff Law Offices, Boise, for appellant. Terry S. Ratliff argued, Boise.

Greg Bower, Ada County Prosecuting Attorney, Cary B. Colaianni, Deputy Ada County Prosecuting Attorney, Boise, for respondent. Cary B. Colaianni argued.

WALTERS, Chief Judge.

This is an appeal in an administrative proceeding. The hearing officer in the proceeding refused to award attorney fees and costs to the claimant, David Ockerman, under I.C. § 12–117,[1] holding that such an award was beyond the power of the officer. On an intermediate appeal, the district court affirmed the hearing officer's decision, but upon the ground that the facts found by the hearing officer in the administrative proceeding would not support Ockerman's request for the award.

We conclude that the hearing officer erred in determining he lacked authority to make the award under I.C. § 12–117, in light of our Supreme Court's opinion in *Stewart v. Department of Health and Welfare*, 115 Idaho 820, 771 P.2d 41 (1989). Accordingly, we vacate the district court's decision and remand this case to the district court with directions that the cause be further remanded to the hearing officer for the purpose of allowing the hearing officer to consider, on its merits, Ockerman's claim for an award for attorney fees and costs under I.C. § 12–117.

The case involves the following background. David Ockerman was terminated as a county paramedic by the director of the

---

1. Idaho Code § 12–117 provides in part:
   (1) In any administrative or civil proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the person reasonable attorney's fees, witness fees and reasonable expenses, if the court finds in favor of the person and also finds that the state agency, the city, the county or the taxing district acted without a reasonable basis in fact or law.

Ada County emergency services department. Ockerman appealed his discharge through the county personnel system and ultimately received a hearing before the county personnel hearing officer. After a hearing, the hearing officer entered detailed findings and conclusions in which he reversed the decision to terminate Ockerman. The hearing officer ordered Ockerman reinstated upon a set of conditions, including a thirty-day suspension without pay, and a twelve-month probationary period for disciplinary review with substantial retraining and removal from supervisory duties.

Ockerman sought an award under I.C. § 12–117 for the attorney fees and costs he incurred in the administrative proceeding. In response, the hearing officer ruled:

> Appellant [Ockerman] has requested attorney's fees and costs be awarded on this matter and, while assistance of counsel was necessary in the course of this hearing to present Appellant's argument, this Hearing Officer does not believe such an award is within my powers.

Ockerman appealed to the district court, challenging the hearing officer's refusal to grant Ockerman's request for the award of fees and costs. He posed the issue for review by the district court as: "Whether the Personnel Hearing Officer for Ada County was correct in denying the Appellant an award of costs and attorney's fees, which essentially, did not make the Appellant whole as to his wrongful termination of employment by and through Ada County." Although Ockerman discussed *Stewart v. Department of Health and Welfare*, *supra*, in a brief to the district court, he misstated the holding in the case by asserting that *Stewart* gave authority to the district court to award attorney fees and costs on the appeal. Following Ockerman's articulation of the issue for review and misstatement of the decision in *Stewart*, the district court did not rule directly on the question of whether the hearing officer correctly determined he lacked the power to award attorney fees or costs in the proceeding. Instead, the district court sustained the hearing officer's refusal to make the award by holding that the findings of fact made by the hearing officer negated any conclusion that the county's actions were without a reasonable basis in fact or law—the predicate necessary for such an award under I.C. § 12–117.

■ In *Stewart*, two employees were dismissed from their employment at the Idaho State School and Hospital. They appealed their dismissals and, after hearings before the Idaho Personnel Commission, both employees were reinstated with restoration of all benefits, including back pay. With respect to their claims for an award of attorney fees and costs in the proceedings before the Personnel Commission, the Commission ruled that it did not have authority to award costs or attorney fees. The employees, Stewart and Summers, appealed to the district court solely from the decision of the Commission denying their requests for recovery of costs and attorney fees. The district court affirmed, reasoning that no statutory authority existed for such awards in proceedings before the Personnel Commission. The employees then appealed to the Idaho Supreme Court.

A majority of the Supreme Court decided in favor of the employees, stating:

> In the instant case we hold that the Idaho Personnel Commission erred in its conclusion of law that it has *no* jurisdiction to award attorney fees to a successful party in an administrative appeal if it finds that the "state agency acted without a reasonable basis in fact or law." I.C. § 12–117.
>
> It is urged that the precise language of I.C. § 12–117, *i.e.*, in any *administrative* or civil judicial proceeding involving as adverse parties a state agency and a person, the court shall award the person reasonable attorney fees, witness fees and reasonable expenses, if "the court" finds "in favor of the person and also finds that the state agency acted without a reasonable basis in fact or law," can only be interpreted to authorize "the court" to award such attorney fees. We cannot agree.
>
> Such a result would be an anomaly. A litigant before an administrative tribunal who is successful against a state agency which had acted without a reasonable basis in fact or law, would be denied attorney

fees, while a litigant who is unsuccessful before that administrative tribunal might later be awarded attorney fees for the proceedings before the administrative tribunal upon a reversal by a district court.

We therefore reverse the decision of the district court and remand the cause to the district court with directions that he in turn remand the case to the Idaho Personnel Commission for the award of reasonable attorney fees, witness fees and reasonable expenses to the petitioners-appellants Stewart and Summers.

115 Idaho at 822–23, 771 P.2d at 43–44 (emphasis in original). Subsequent to the opinion of the Court in *Stewart,* the legislature amended I.C. § 12–117 in 1993 and 1994. *See* 1993 Idaho Sess. Laws, ch. 216, § 1, p. 587, *and* 1994 Idaho Sess. Laws, ch. 36, § 1 p. 55. The amendment in 1993 made no substantive changes; however, the 1994 amendment added counties, cities and taxing districts as designated public agencies subject to the statute. Nonetheless, the legislature has not undertaken to disturb the Supreme Court's conclusion construing the statute to permit the award of attorney fees and costs by an administrative tribunal as well as by the courts.

Given the history of I.C. § 12–117, as construed by the Supreme Court and as addressed by the legislature, we conclude that the hearing officer in this case had the authority to award attorney fees and costs as requested by Ockerman. The hearing officer failed to determine Ockerman's request because he believed he lacked the authority to do so. There were findings entered by the hearing officer that would support such an award; but there were other findings, such as those relied upon by the district court, which would militate against the award under I.C. § 12–117. On the intermediate appeal, the district court should have remanded the cause to the hearing officer to make the initial decision with respect to the predicate for the award of costs and fees under I.C. § 12–117, as was directed in *Stewart,* rather than preempting the hearing officer's role by second-guessing the officer's exercise of authority upon making the determination.

Both parties have requested an award of attorney fees and costs on appeal. The respondents' claim for fees is asserted under I.C. § 12–121; however, because the respondents are not the prevailing party, their claim must be denied. The appellant, Ockerman, pursues his request under I.C. § 12–117. We deny Ockerman's request both as to the proceedings before the district court and before this Court on the ground that the respondents' position was reasonable in defending against the appellate issue as characterized by Ockerman and because of his failure to clearly assert the actual holding in *Stewart* as the controlling authority addressing the erroneous conclusion reached by the hearing officer.

The order of the district court affirming the decision of the hearing officer is vacated. The case is remanded with directions to the district court to remand the action to the hearing officer for consideration of Ockerman's claim for attorney fees and costs in the administrative proceeding.

Costs on appeal are awarded to the appellant, Ockerman, but no attorney fees are awarded to either party.

LANSING and PERRY, JJ., concur.