**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 34927**

| | |
|---|---|
| REX RAMMELL and LYNDA RAMMELL, d/b/a ELK COUNTRY TROPHY BULLS,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>IDAHO STATE DEPARTMENT OF AGRICULTURE,<br><br>Defendant-Respondent. | Boise, May 2009 Term<br><br>2009 Opinion No. 78<br><br>Filed: June 1, 2009<br><br>Stephen W. Kenyon, Clerk |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, for Madison County. Honorable Brent J. Moss, District Judge.

The district court's order is <u>affirmed</u> in part and <u>vacated</u> in part.

Runft & Steele Law Offices, PLLC, Boise, for appellant. Karl J. Runft argued.

Honorable Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Steven W. Strack argued.

———————————

J. JONES, Justice

Rex and Lynda Rammell appeal from a final order issued by the Department of Agriculture (the Department) imposing $29,000.00 in fines against them for nine violations of a statute and regulations pertaining to domestic cervidae. We affirm the order in part, and vacate in part.

**I.**

Dr. Rex Rammell, a licensed Idaho veterinarian, and his wife, Lynda Rammell, operated a domestic cervidae ranch doing business as Elk Country Trophy Bulls. In December 2003, an inspector with the Department contacted Dr. Rammell intending to schedule an annual elk

1

inventory of the Rammells' herd. Dr. Rammell rejected this request because he did not want the Department to run the elk through a chute in order to count them.[1]

Dr. Rammell further refused to cooperate with the Department in its attempts to inspect his elk ranch. The Department was forced to secure an Administrative Warrant for Entry and Inspection in January 2004 to inspect the Rammells' cervidae facility. By the end of the month, the Department completed an inventory verification inspection of the Rammells' domestic elk herd. The Department discovered numerous violations of the Department's administrative regulations, including: multiple gaps and holes in the ranch's fencing; numerous elk at the facility without official forms of identification; and the transportation of live elk without submitting a complete and accurate intrastate movement certificate. The Rammells also failed to pay the statutory $5.00 per head fee for one hundred and forty-four domestic cervidae.

The Department filed an administrative complaint against the Rammells in June 2004, alleging one statutory violation (failure to pay the $5.00 per head fee) and eight Department regulation violations, namely, failure to: properly identify the elk; cure gaps in the fences and gates; submit annual reports to account for the elk; gather and restrain the elk for inventory; and submit proper certificates before transporting the elk. The Rammells stipulated in writing to the facts behind the alleged violations and, further, that "[t]he constitutional issues raised in [the Rammells'] Answer to the Administrative Complaint filed by the [Department] may not be properly adjudicated at the scheduled administrative hearing. The parties agree that these issues may be raised on appeal." Nonetheless, Dr. Rammell, who represented the Rammells *pro se*, attempted to argue to the hearing officer that the Department's regulations were unconstitutional, outside the scope of its statutory authority, and unreasonable. The hearing officer refused to consider these arguments stating she did not have the authority to make such determinations.

At the administrative hearing, which occurred on December 15, 16, and 30, 2004, hearing officer Jean Uranga granted the Department's motion in limine excluding certain evidence and testimony offered for the purpose of challenging the reasonableness of the domestic cervidae regulations on the grounds such evidence was not relevant. She still allowed the Rammells to present relevant evidence to create a record during the three days of hearings. Ultimately, she found the Rammells had violated one statutory provision and eight administrative rules. She

---

[1] Dr. Rammell claimed that when the Department used the procedure in the past, it caused damage to his elk, including the loss of a bull elk's antlers, which led to the elk's death.

classified five of the violations as serious and taken in bad faith and assessed the maximum $5,000.00 civil penalty for each of them ($25,000.00 in total); she classified the remaining four violations as less serious and imposed only a $1,000.00 civil penalty for each of them ($4,000.00 additional).

The Rammells sought review of Ms. Uranga's preliminary order before the Department Director. Deputy Director Michael Everett affirmed Ms. Uranga's ruling in whole in a final order issued on May 12, 2005. The Rammells sought review by the district court, contending that the hearing officer's refusal to let them make their arguments regarding the validity of the Department regulations violated their due process rights. The Rammells also argued that the hearing officer erred by refusing to disqualify herself because she lacked expert knowledge of the domestic elk industry and elk disease. Finally, the Rammells argued that it was error to award attorney fees based on I.C. § 12-117 because they had both legal and factual justifications for disputing the domestic elk rules. The district court affirmed the final order, but reduced the amount awarded to the Department for attorney fees and costs by one-half.

The Rammells appeal to this Court, and present five arguments: that (1) the hearing officer violated their due process rights by excluding some of their proffered evidence regarding the reasonableness of the Department's rules; (2) I.C. § 25-3708 is unconstitutional; (3) the hearing officer erred by refusing to disqualify herself; (4) the Department regulations at issue were unreasonable and beyond the scope of the Department's authority; and (5) the award of attorney fees and costs imposed against them was improper. The Department, in turn, claims that it is entitled to costs and fees on appeal pursuant to I.C. § 12-117.

## II.

### A. Standard of Review

When reviewing a decision of the district court acting in its appellate capacity, we directly review the district court's decision. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008). However, this Court defers to the agency's findings of fact unless those findings are clearly erroneous and unsupported by evidence in the record. *Lamar Corp. v. City of Twin Falls*, 133 Idaho 36, 39, 981 P.2d 1146, 1149 (1999). Therefore, this Court may not substitute its judgment for that of the agency as to the weight of the evidence presented in the record. *Id.*

3

A strong presumption of validity favors an agency's actions. *Id.* An agency's order must be upheld by the reviewing court unless its decision: (a) violates statutory or constitutional provisions; (b) exceeds the agency's statutory authority; (c) is made upon unlawful procedure; (d) is not supported by substantial evidence in the record; or (e) is arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). Finally, this Court will affirm an agency's action regardless of any errors unless a substantial right of the appellant has been prejudiced. *Lamar Corp.*, 133 Idaho at 39, 981 P.2d at 1149.

### B. The Hearing Officer Did not Err in Declining to Disqualify Herself

The Rammells contend that the hearing officer should have disqualified herself in response to the December 13, 2004 motion to disqualify they made pursuant to I.C. § 67-5252. They moved to disqualify her based on bias and lack of expert knowledge regarding the domestic cervidae industry and elk diseases. The Rammells have not appealed the ruling on the basis of bias, but they do argue that the hearing officer needed some expert knowledge of domestic cervidae in order to fairly hear the case.

The Department argues that the motion to disqualify, which was filed just two days before the scheduled hearing and some six months after the initial complaint was filed, was properly denied. First, the Department asserts that the motion was not timely filed. Second, the Department points out there is no requirement that attorneys serving as hearing officers possess technical expertise.

I.C. § 67-5252(2)(a) requires that motions to disqualify hearing officers be filed "within fourteen (14) days after receipt of notice indicating that the person will preside at the contested case." *See also* IDAPA 02.01.01.010.04. The Rammells received notice that hearing officer Jean Uranga was assigned to hear the contested case on August 12, 2004. The Rammells did not move to disqualify Ms. Uranga until December 13, 2004 – just two days before the hearing was scheduled to occur. Therefore, the motion was untimely filed and properly denied.

IDAPA 02.01.01.010.02 provides that "[h]earing officers may be (but need not be) attorneys. Hearing officers who are not attorneys should ordinarily be persons with technical expertise or experience in issues before the agency." The regulation does not require hearing officers who are attorneys to possess any experience or expertise. Therefore, the hearing officer, Jean Uranga – who is an attorney – was not required to disqualify herself, and properly declined to do so.

## C. The Hearing Officer had no Authority to Rule on Whether a Department Administrative Regulation was Unreasonable

The hearing officer concluded that she had no authority to rule on whether or not a Department Administrative Rule is unreasonable. The Deputy Director upheld her decision, and stated that the reasonableness of an administrative regulation is not evidentiary, but is instead an issue of law and not a matter for a hearing officer. The Director further declared that any future challenge to the administrative rules was to be made directly to the Director of the Department.

The Rammells argue that this declaration is contrary to the Attorney General's rules, which, they assert, specify that the issue of whether an administrative rule is within an agency's rule making power can be determined by a hearing officer. The Department again claims the Attorney General's rules do not mandate that an agency head delegate authority to a hearing officer to rule on challenges to rules.

Generally, hearing officers in agency proceedings have the "standard scope of authority," which allows hearing officers to, *inter alia*, schedule cases, supervise discovery, preside at and conduct hearings, and issue written decisions and preliminary orders. IDAPA 04.11.01.413. In a contested case, the agency head may – in his or her order – consider and decide whether one of that agency's rules is within the agency's substantive rule making authority. IDAPA 04.11.01.416. Further, "[t]he agency head may delegate to a hearing officer the authority to recommend a decision on issues of whether a rule is within the agency's substantive rulemaking authority or whether the rule has been promulgated according to proper procedure or may retain all such authority itself." *Id.*; *see also* I.C. § 67-5242. The use of the word "may" indicates that the agency head is permitted to delegate authority regarding ruling on whether a regulation is within the scope of the agency's authority – but is not required to make such a delegation. In this case, nothing has been presented to demonstrate that the Department Director chose to delegate to the hearing officer the authority to recommend a decision on whether a rule is valid. *See* IDAPA 02.01.01.010.05 (specifying that the Department's hearing officers are granted the "standard scope of authority" without extending it to include recommendations on challenges to regulations). Therefore, the Director correctly determined that the hearing officer had no authority to hear a challenge to the validity of the Department's regulation based on the rule being outside of the Department's rulemaking authority.

**D. Due Process was not Violated when the Hearing Officer Ruled Certain Testimony Inadmissible due to Lack of Relevancy**

The Rammells argue the hearing officer's decision to exclude evidence related to their defense that the rules were unreasonable violated their due process rights. The Rammells ask this Court to hold that an Idaho agency must hear evidence related to the reasonableness of a regulation if such a defense is raised.

The Department contends that the hearing officer correctly held certain proffered evidence inadmissible because it either lacked proper foundation or was irrelevant to the specific counts alleged against the Rammells. According to the Department, if the Rammells believed that the exclusion of evidence for lack of foundation or relevancy was in error, the proper remedy was to appeal the specific evidentiary rulings for abuse of discretion, not to broadly assert they were denied due process.

The Rammells cite such cases as *Chambers v. Mississippi*, 410 U.S. 284 (1973), and *California v. Trombetta*, 467 U.S. 479 (1984), to support their argument that they were denied due process. The holdings of those cases are inapplicable to this case because they relate to criminal defendants in criminal proceedings. The concept of due process "is not a concept to be applied rigidly, [but] is a flexible concept calling for such procedural protections as are warranted by the particular situation." *Aberdeen-Springfield Canal Co. v. Peiper*, 133 Idaho 82, 91, 982 P.2d 917, 926 (1999) (quoting *City of Boise v. Indus. Comm'n*, 129 Idaho 906, 910, 935 P.2d 169, 173 (1997)). Generally, so long as a party is provided an "opportunity to be heard . . . at a meaningful time and in a meaningful manner" due process requirements are met. *Id.*

The Fourteenth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty, or property without due process of law. U.S. CONST. amend. XIV. Due process involves both procedural and substantive due process. The Rammells are apparently contesting the adequacy of the procedural due process afforded to them. Procedural due process requires that some process be provided to ensure that an individual is not arbitrarily deprived of his or her rights in violation of the state or federal constitution. *Spencer v. Kootenai County*, 145 Idaho 448, 454, 180 P.3d 487, 493 (2008). Due process issues are generally questions of law, over which this Court exercises free review. *Id.* The identification of the specific dictates of due process generally requires consideration of three distinct factors: the private interest that will be affected by the official action; the risk of an erroneous deprivation of

6

such interest through the procedures used, and the probative value, if any, of additional or substitute procedural safeguards; and the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute requirements would entail. *Id.*

Here, the Rammells were afforded adequate procedural due process. Their rights were adjudicated before a hearing officer after three days of evidence production. Some evidence was not admitted because it was irrelevant to the alleged violations – however, due process does not require that every bit of evidence a party offers be admitted. The Rammells had notice and an opportunity to be heard. If they were unhappy with the hearing officer's evidentiary rulings, they should have directly appealed those rulings instead of arguing that a due process violation occurred. The hearing officer's decision to exclude certain evidence as lacking proper foundation or relevancy did not violate the Rammells' due process rights.

## E. The Validity of the Regulations and the Constitutionality of I.C. § 25-3708 are not Properly Before this Court

The Rammells argue that the Department was vested with rulemaking powers pursuant to I.C. § 25-3704 solely to prevent diseases in domestic cervidae. The Rammells claim that the regulations they were cited for violating bore no relation to disease prevention and are thus unreasonable and beyond the scope of the Department's rulemaking authority. The Rammells also assert that I.C. § 25-3708 is unconstitutional. They contend that the statute violates the Equal Protection Clause of the United States Constitution. Alternatively, they assert that the statute is unconstitutional under article III, section 19 of the Idaho Constitution.

The Department argues that the Rammells did not properly preserve these issues for appeal. First, it points out that the Rammells' arguments regarding the reasonableness of the regulations were not made before the agency head or the district court below, but only before the hearing officer at the initial administrative hearing. Second, regarding the constitutional challenge to I.C. § 25-3704, the Department notes that the Rammells merely raised this argument in their Answer and the parties stipulated that "[t]he constitutional issue[] raised in [the Rammells' Answer] . . . may not be properly adjudicated at the scheduled administrative hearing. The parties agree that these issues may be raised on appeal." However, despite that stipulation, the Rammells failed to make their constitutional arguments before the agency head or the district court. The Rammells argue that both issues are properly before the Court because they appear in

7

their Amended Answer and the parties stipulated that the constitutional issue could be raised on appeal.

This Court will not entertain issues or theories not raised in the court below. *Kolar v. Cassia County*, 142 Idaho 346, 350, 127 P.3d 962, 966 (2005). In rejecting new issues, this Court often notes that it "does not consider issues raised for the first time on appeal." *Kirkman v. Stoker*, 134 Idaho 541, 544, 6 P.3d 397, 400 (2000). The Rammells try to satisfy this rule by arguing that because they raised these issues in their Amended Answer, they are technically not being raised for the first time on appeal. However, Idaho case law requires that the party asserting an issue seek a specific ruling on that issue at each stage of the appeal. *See, e.g., Stonecipher v. Stonecipher*, 131 Idaho 731, 737, 963 P.2d 1168, 1174 (1998) ("It is well settled that an issue is not preserved for review by this Court even though it was raised before the magistrate when the issue is not raised later before the district court in the intermediate appeal."). Asserting an issue in the pleadings and failing to actually argue that issue and seek a ruling thereon is inadequate to preserve that issue for appeal. Therefore, the issues of whether the regulations are invalid and whether I.C. § 25-3708 is constitutional are not properly before this Court and will not be considered.

### F. The Award of Attorney Fees and Costs was Improper

The Rammells argue that it was error for attorney fees and costs to be imposed against them pursuant to I.C. § 12-117(1) on the grounds that their defense to the Administrative Complaint was without basis in law or fact. The Rammells assert that, even if they do not prevail on appeal, they are still entitled to a reversal of the award because count seven of the Administrative Complaint erroneously stated that the Rammells lost twenty-eight elk in violation of IDAPA 02.04.19.200 and 250. The hearing officer found that only twenty-three elk were unaccounted for. Therefore, the Rammells contend that their defense below had a factual basis.

The Department asserts the hearing officer correctly found that the Rammells acted without a reasonable basis in law or fact. The Department points out that the number of missing elk alleged in the complaint is irrelevant to the disposition of count seven of the Complaint. The bottom line is that the Rammells failed to timely submit an annual domestic cervidae inventory report and failed to submit an intrastate movement certificate when moving elk – both violations of the Department's regulations. Regardless of the exact number of missing elk, the Rammells undisputedly violated the listed regulations.

In any administrative or civil judicial proceeding involving a state agency and a person, "the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law." I.C. § 12-117(1). To award attorney fees under this section, the court must find that the Rammells acted without a reasonable basis in fact or law, and also rule in favor of the Department. *See Canal/Norcrest/Columbus Action Comm. v. City of Boise*, 136 Idaho 666, 671, 39 P.3d 606, 611 (2001).

In this case, the hearing officer found – and the agency head affirmed – that the Rammells had pursued their defense without any basis in law or fact. The Department is correct that, despite its miscalculation regarding the precise number of missing elk, the regulatory violations alleged did in fact occur. Based on the above discussion, which demonstrates no legal or factual issues in favor of the Rammells, this holding was correct.

Notwithstanding this conclusion, one issue remains regarding whether or not attorney fees are appropriate in this case. Although case law from the 1980's established that attorney fees incurred during administrative proceedings may be awarded and that the agency itself may award those fees, it is now appropriate to revisit the case establishing these holdings.

In *Stewart v. Department of Health & Welfare*, 115 Idaho 820, 771 P.2d 41 (1989), this Court held that an administrative agency has jurisdiction under I.C. § 12-117 to award attorney fees to a successful party in an administrative proceeding if it finds that the losing state agency acted without a reasonable basis in fact or law. The Court rejected an argument that only a *court* can award fees under the statute, which states "*the court* shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, *if the court* finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law." I.C. § 12-117 (emphasis added). Instead, the Court held that the meaning of the word "court," as used in the statute, included an administrative tribunal. *Stewart*, 115 Idaho at 822-23, 771 P.2d at 43-44.

There are two reasons to revisit *Stewart*'s holding. First, we must assume that the Legislature meant what it said when it authorized the "court" to award attorney fees under the statute. If the Legislature had intended for administrative officers or agencies to award attorney fees, it would have been easy enough to insert such wording into the statute. Further, the language indicates that the award may be made where the court finds that the party against whom

9

the "judgment" is rendered acted without reasonable basis in fact or law. The decision of an administrative officer or agency is not properly characterized as a judgment – only courts render judgments. We therefore overrule *Stewart* and hold that only a court – and not an administrative officer or agency – can award attorney fees under I.C. § 12-117.

Second, the language of the statute reads "in any administrative or civil judicial proceeding," which could either mean (1) in any administrative proceeding or civil judicial proceeding, or (2) in any *administrative judicial proceeding* or civil judicial proceeding. We now hold that the statute means the latter, and therefore there is no statutory basis for a court to award attorney fees incurred during an administrative proceeding. A court may only make such an award for fees incurred in the appeal of an administrative determination.

For the abovementioned reasons, the fee award is vacated.

## G. The Department is Entitled to Costs and Fees on Appeal

The Department argues that it should be awarded attorney fees and costs on appeal pursuant to I.C. § 12-117. It asserts that the Rammells' appeal has no reasonable basis in law or fact. Additionally, a number of the issues on appeal were not properly preserved for appeal. These observations are correct and the Department is entitled to costs and fees on appeal.[2]

## III.

The district court's decision is affirmed in part, and vacated on the issue of attorney fees. Costs and fees on appeal to the Department.

Justices BURDICK, W. JONES, and HORTON CONCUR.

Chief Justice EISMANN, specially concurring.

I concur in the majority opinion, but write to add further analysis regarding the majority opinion in *Stewart v. Department of Health and Welfare*, 115 Idaho 820, 771 P.2d 41 (1989). The *Stewart* majority held that Idaho Code § 12-117 permitted an administrative agency to award attorney fees. That holding was contrary to the wording of the statute, which provides that "the

---

[2] Although the Rammells argued against the fee award, their argument did not deal with the interpretation of I.C. § 12-117, which was the ground upon which the Court vacated the award. Instead, the Rammells focused on a minor factual discrepancy between the administrative complaint and the hearing officer's findings with respect to one count. The Rammells failed to advance any argument regarding the statutory basis for the award and were merely the inadvertent beneficiary of the Court's determination of what was allowable under I.C. § 12-117.

*court* shall award the prevailing party reasonable attorney's fees." (Emphasis added.) Without explaining how the word "court" could be construed to include an administrative agency, the *Stewart* majority simply decided it did not like the result of limiting the word "court" to courts. The majority stated:

> It is urged that the precise language of I.C. § 12-117, *i.e.*, in any *administrative* or civil judicial proceeding involving as adverse parties a state agency and a person, the court shall award the person reasonable attorney fees, witness fees and reasonable expenses, if "the court" finds "in favor of the person and also finds that the state agency acted without a reasonable basis in fact or law," can only be interpreted to authorize "the court" to award such attorney fees. We cannot agree.
>
> Such a result would be an anomaly. A litigant before an administrative tribunal who is successful against a state agency which had acted without a reasonable basis in fact or law, would be denied attorney fees, while a litigant who is unsuccessful before that administrative tribunal might later be awarded attorney fees for the proceedings before the administrative tribunal upon a reversal by a district court.

115 Idaho at 822-23, 771 P.2d at 43-44.

As I explained in my concurring opinion in *Sanchez v. State, Department of Correction*, 143 Idaho 239, 245, 141 P.3d 1108, 1114 (2006), the *Stewart* majority began by misconstruing the statute. The statute does not apply to administrative proceedings. It applies to "an 'administrative . . . judicial proceeding' (an appeal from an administrative proceeding) or a 'civil judicial proceeding' (a civil action filed in the court)." *Id*. Based upon the "anomaly" created by its misconstruction, the *Stewart* majority then simply held that the word "court" should include administrative agencies in order to eliminate that anomaly.

In holding that an administrative agency was a "court," the *Stewart* majority was apparently unaware of the provisions of the Idaho Constitution and the statute defining "courts." Article V, § 2, of the Idaho Constitution provides:

> The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature. The courts shall constitute a unified and integrated judicial system for administration and supervision by the Supreme Court. The jurisdiction of such inferior courts shall be as prescribed by the legislature. Until provided by law, no changes shall be made in the jurisdiction or in the manner of the selection of judges of existing inferior courts.

11

Under the Constitution, courts consist of "a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature." The inferior courts established by the legislature are the Court of Appeals and the magistrate's division of the district court. As stated in Idaho Code § 1-101:

> **1-101. Courts enumerated.** The following are the courts of justice of this state:
>
> 1. The Supreme Court.
>
> 2. The Court of Appeals.
>
> 3. The district courts.
>
> 4. The magistrate's division of the district courts.

There is simply no basis in law for holding that the legislature intended the word "court" in Idaho Code § 12-117 to include administrative agencies. The *Stewart* majority simply rewrote the statute to provide what it wanted, rather than what the legislature enacted. Therefore, *Stewart* must be overruled.