Chief Justice EISMANN,
specially concurring.
I concur in the majority opinion, but write to add further analysis regarding the majority opinion in Stewart v. Department of Health and Welfare, 115 Idaho 820, 771 P.2d 41 (1989). The Stewart majority held that Idaho Code § 12-117 permitted an administrative agency to award attorney fees. That holding was contrary to the wording of the statute, which provides that “the court shall award the prevailing party reasonable attorney’s fees.” (Emphasis added.) Without explaining how the word “court” could be eonstrued to include an administrative agency, the Stewart majority simply decided it did not like the result of limiting the word “court” to courts. The majority stated:
It is urged that the precise language of I.C. § 12-117, i.e., in any administrative or civil judicial proceeding involving as adverse parties a state agency and a person, the court shall award the person reasonable attorney fees, witness fees and reasonable expenses, if “the court” finds “in favor of the person and also finds that the state agency acted without a reasonable basis in fact or law,” can only be interpreted to authorize “the court” to award such attorney fees. We cannot agree.
Such a result would be an anomaly. A litigant before an administrative tribunal who is successful against a state agency which had acted without a reasonable basis in fact or law, would be denied attorney fees, while a litigant who is unsuccessful before that administrative tribunal might later be awarded attorney fees for the proceedings before the administrative tribunal upon a reversal by a district court.
115 Idaho at 822-23, 771 P.2d at 43-44.
As I explained in my concurring opinion in Sanchez v. State, Department of Correction, 143 Idaho 239, 245, 141 P.3d 1108, 1114 (2006), the Stewart majority began by misconstruing the statute. The statute does not apply to administrative proceedings. It applies to “an ‘administrative ... judicial proceeding’ (an appeal from an administrative proceeding) or a ‘civil judicial proceeding’ (a civil action filed in the court).” Id. Based upon the “anomaly” created by its misconstruction, the Stewart majority then simply held that the word “court” should include administrative agencies in order to eliminate that anomaly.
In holding that an administrative agency was a “court,” the Stewart majority was apparently unaware of the provisions of the Idaho Constitution and the statute defining *424 “courts.” Article V, § 2, of the Idaho Constitution provides:
The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature. The courts shall constitute a unified and integrated judicial system for administration and supervision by the Supreme Court. The jurisdiction of such inferior courts shall be as prescribed by the legislature. Until provided by law, no changes shall be made in the jurisdiction or in the manner of the selection of judges of existing inferior courts.
Under the Constitution, courts consist of “a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature.” The inferior courts established by the legislature are the Court of Appeals and the magistrate’s division of the district court. As stated in Idaho Code § 1-101:
1-101. Courts enumerated. The following are the courts of justice of this state:
1. The Supreme Court.
2. The Court of Appeals.
3. The district courts.
4. The magistrate’s division of the district courts.
There is simply no basis in law for holding that the legislature intended the word “court” in Idaho Code § 12-117 to include administrative agencies. The Stewart majority simply rewrote the statute to provide what it wanted, rather than what the legislature enacted. Therefore, Stewart must be overruled.