# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 35851

DAVID SMITH,

          Plaintiffs-Appellant,

v.

WASHINGTON COUNTY IDAHO, and its
Commissioners, Rich Michael, Roy Mink,
and Mike Hopkins, all acting in their
capacity as Commissioners of Washington
County, Idaho,

          Defendants-Respondents.

)
)  **Boise, June 2010 Term**
)
)  **2010 Opinion No. 132**
)
)  **Filed:  December 15, 2010**
)
)
)  **Stephen W. Kenyon, Clerk**
)
)  **SUBSTITUTE OPINION.  THE**
)  **COURT'S PREVIOUS OPINION**
)  **FILED OCTOBER 6, 2010 IS HEREBY**
)  **WITHDRAWN.**
)

Appeal from the District Court of the Third Judicial District of the State of Idaho, Washington County.  Hon. Stephen W. Drescher, District Judge.

The decision of the district court is <u>affirmed</u>.

R. Brad Masingill, Weiser, for Appellant.  Christ Troupis argued.

Delton Walker, Weiser, for Respondents.

W. JONES, Justice

## I. NATURE OF THE CASE

David D. Smith appeals from the district court's decision to deny his request for costs and attorney fees he incurred while compelling Washington County to issue him a residential building permit.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In the fall of 2006, David D. Smith, the appellant, bought an eighty-acre parcel near Midvale, Idaho.  Sometime in early 2007, Smith sought a permit from the Washington County Board of Commissioners (the "Board") to build a house on his property, which the County Planning and Zoning Commission (the "Commission") refused.  The Commission voted against granting the permit because it believed that, under the Washington County Zoning Ordinance and the International Fire Code, Smith's driveway was too narrow to allow fire equipment to

1

reach his property. After several months of delay, the Board also refused to grant Smith's permit, again on the grounds that his driveway violated fire-safety regulations.

On May 23, 2008, Smith sought mandamus relief from the district court, which instead treated his motion as a petition for judicial review. In its Memorandum Decision and Order, the district court reversed the Board and ordered it to grant Smith his building permit. It found that the Board had delayed Smith's application for too long and had denied the permit arbitrarily.

Smith then requested an award of attorney fees under I.C. §§ 12-117, -120(3), and -121. The district court denied Smith's request under all three provisions, finding that the County's defense of the case "was not frivolous," but rather was "a matter of confusion." In their briefs on appeal, the parties disputed whether I.C. §§ 12-117, -120(3), and -121 entitle Smith to attorney fees that he incurred in compelling the County to issue his building permit, although at oral argument Smith expressly disavowed his claims under §§ 12-120(3) and -121. The parties nonetheless still disagree over whether, under I.C. § 12-117, the County acted with a reasonable basis in law and fact in denying the permit.

### III. ISSUES ON APPEAL

1. Whether Smith is entitled to attorney fees under I.C. § 12-120(3).
2. Whether Smith is entitled to attorney fees under I.C. § 12-117.
3. Whether Smith is entitled to attorney fees under I.C. § 12-121.
4. Whether Smith is entitled to costs incurred in the district court.
5. Whether Smith is entitled to attorney fees on appeal.

### IV. STANDARD OF REVIEW

"The interpretation of a statute is a question of law over which this Court exercises free review." *Doe v. Boy Scouts of Am.*, 148 Idaho 427, ---, 224 P.3d 494, 497 (2009). Determining the meaning of an attorney-fee statute and whether it applies to the facts are issues of law that this Court freely reviews. *J.R. Simplot Co. v. W. Heritage Ins. Co.*, 132 Idaho 582, 584, 977 P.2d 196, 198 (1999).

### V. ANALYSIS

**A. Smith Is Not Entitled to Any Attorney Fees Under I.C. § 12-117 in the District Court or on Appeal**

Smith seeks attorney fees under I.C. § 12-117. Before 2010, this section provided, in relevant part:

Unless otherwise provided by statute, *in any administrative or civil judicial proceeding* involving as adverse parties a state agency, a city, a county or other taxing district and a person, *the court* shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if *the court* finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

I.C. § 12-117(1) (2009) (emphasis added). This Court originally interpreted this provision to permit administrative agencies to award attorney fees at the administrative level if the losing state agency acted without a reasonable basis in fact or law. *E.g. Stewart v. Dep't of Health & Welfare*, 115 Idaho 820, 822, 771 P.2d 41, 43 (1989); *Rural Kootenai Org., Inc. v. Bd. of Comm'rs*, 133 Idaho 833, 845–46, 993 P.2d 596, 608–09 (1999).

In *Rammell v. Idaho State Department of Agriculture*, this Court overruled these prior decisions, holding that a court could not award attorney fees for an administrative proceeding. 147 Idaho 415, 422–23, 210 P.3d 523, 530–31 (2009). The decision rested in part on the fact that the statute only allowed "the court" to award fees, not an agency. *Id.* at 422, 210 P.3d at 530. The Court in *Rammell* also had to determine whether the phrase "in any administrative or civil judicial proceeding" encompassed appeals from administrative decisions. Instead of interpreting that term to mean "any administrative proceeding or civil judicial proceeding," the Court found that it only meant "any administrative judicial proceeding." *Id.* at 422–23, 210 P.3d at 530–31. Reading § 12-117 to apply to administrative judicial proceedings permitted courts to award fees in petitions for review from administrative decisions. *Id.* at 423, 210 P.3d at 531.

The unstated reason for interpreting the phrase "administrative or civil judicial proceeding" to apply to appeals of administrative decisions, and not to administrative proceedings themselves, is that there is no statutory mechanism for the courts to intervene in an administrative proceeding. A court's authority to award attorney fees attaches only after there is a proceeding before a court relating to an administrative action—i.e., an action for judicial review—because administrative proceedings and judicial proceedings are wholly separate types of legal actions. An "administrative proceeding" is "[a] hearing, inquiry, investigation, or trial before an administrative agency." *Black's Law Dictionary* 51 (9th ed. 2009). By comparison, a "judicial proceeding" is simply defined as "[a]ny court proceeding." *Id.* at 1324. Because the prior version of § 12-117(1) authorized courts to award fees in "any administrative or civil judicial proceeding," it was evident that the courts of this state were to have some power to award attorney fees in judicial actions relating to administrative proceedings. Since the

Legislature provided no mechanism for courts to award fees in administrative proceedings, it must have only meant to allow fee awards in *appeals* from administrative decisions.

In response to *Rammell*, the Legislature amended I.C. § 12-117, applying it retroactively to cases filed and pending as of June 1, 2009, the date the opinion was released. Act of March 4, 2010, ch. 29, 2010 Idaho Sess. Laws 49, 49–50. Idaho Code § 12-117(1) now provides:

> Unless otherwise provided by statute, *in any administrative proceeding or civil judicial proceeding* involving as adverse parties a state agency or political subdivision and a person, *the state agency or political subdivision or the court, as the case may be*, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.[1]

The intent of the amendment was apparently to enable the prevailing party in an administrative proceeding to receive attorney fees when frivolous conduct has occurred.

Thus, as amended, I.C. § 12-117(1) does not allow a court to award attorney fees in an appeal from an administrative decision. First, to be an "administrative proceeding," this action would have to be before an agency. This case was originally styled as an application for a writ of mandate, which the district court correctly treated as a petition for judicial review. Even if this were an administrative proceeding, the amendment does not allow courts to award attorney fees anyway. It empowers only "the state agency or political subdivision, or the court, as the case may be," to award the fees. As described above, no mechanism exists for courts to intervene in administrative proceedings to award attorney fees. By using the phrase "as the case may be," the Legislature indicated that only the relevant adjudicative body—the agency in an administrative proceeding or the court in a judicial proceeding—may award the attorney fees.

This action is also not a "civil judicial proceeding." A civil action must be "commenced by the filing of a complaint with the court." I.R.C.P. 3(a)(1). Since this is a petition for judicial review, a proceeding that does not commence with a complaint filed in court, the courts cannot award fees.[2] *See Sanchez v. State*, 143 Idaho 239, 243, 141 P.3d 1108, 1112 (2006) (holding that a petition for judicial review is not a civil action); *Neighbors for Responsible Growth v. Kootenai Cnty.*, 147 Idaho 173, 176 n.1, 207 P.3d 149, 152 n.1 (2009) (same). As Chief Justice Eismann recently noted, "[a] civil judicial proceeding would be a civil lawsuit filed in court, and an

---

[1] A county is a "political subdivision" under this provision. *I.C.* § 12-117(4)(b).
[2] Smith has never challenged the district court's decision to treat his initial motion for mandamus relief as a petition for judicial review.

4

administrative judicial proceeding would be the appeal of an administrative proceeding to a court." *Lake CDA Invs., LLC v. Idaho Dep't of Lands*, 149 Idaho 274, --- n.6, 233 P.3d 721, 732 n.6 (2010).

The new delineation in § 12-117(1) between administrative proceedings and civil judicial proceedings aligns with the preexisting division of authority to define the rules of procedure for each type of legal action. As the Legislature has acknowledged, this Court has the inherent power to prescribe rules of procedure "in all the courts" of this state. I.C. § 1-212. The Court therefore may adopt rules of procedure "in all actions and proceedings." *Id.* § 1-213. The Legislature has also enacted the Idaho Administrative Procedure Act, I.C. §§ 67-5201 to 67-5228, which prescribes the manner in which contested administrative cases will be conducted, provides the procedure for administrative review, and authorizes judicial review of final agency orders.

The Legislature therefore must also have intended to abrogate the part of *Rammell* that interpreted § 12-117 to allow courts to award fees in petitions for judicial review. Again, *Rammell* read the prior version of § 12-117 to allow fees in "administrative judicial proceedings," which included petitions for review of administrative decisions. By separating "administrative proceedings" from "civil judicial proceedings," the Legislature signaled that the courts should no longer be able to award fees in administrative judicial proceedings such as this one. We presume that when it amended § 12-117(1), the Legislature was aware of the prevailing judicial interpretation of that statute and specifically chose to change that interpretation. *State v. Maybee*, 148 Idaho 520, 529, 224 P.3d 1109, 1118 (2010).

**B.      Smith Is Not Entitled to Fees Under I.C. § 12-120(3) or § 12-121 in the District Court or on Appeal**

In his opening brief on appeal, Smith requested attorney fees pursuant to I.C. §§ 12-120(3) and 12-121. Idaho Code § 12-120(3) mandates fees to the prevailing party in a "commercial transaction," while § 12-121 provides the court with general discretion to award attorney fees to the prevailing party in civil actions.[3] At oral argument, Smith's attorney

---

[3] Section 12-121 provides:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees. The term "party" or "parties" is defined to include any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

expressly waived any claim for fees under these provisions. Even if he had not, I.C. § 12-117 "is the exclusive means for awarding attorney fees for the entities to which it applies." *Potlatch Educ. Ass'n v. Potlatch Sch. Dist.*, 148 Idaho 630, ---, 226 P.3d 1277, 1282 (2010); *see also State v. Hagerman Water Right Owners, Inc.*, 130 Idaho 718, 723, 947 P.2d 391, 396 (1997) ("I.C. § 12-117 provides the exclusive basis upon which to seek an award of attorney fees against a state agency."); *Johnson v. Blaine Cnty.*, 146 Idaho 916, 929, 204 P.3d 1127, 1140 (2009) (holding that fees for a petition for judicial review of a county's decision are not awardable under I.C. § 12-121). As noted above, I.C. § 12-117 specifically provides for attorney fees in actions against the counties, so it governs this case exclusively. *See* I.C. § 12-117(4)(b). Smith therefore cannot receive attorney fees under I.C. §§ 12-120(3) or 12-121.

## C. Smith Is Not Entitled to Costs in the District Court

The district court below did not rule on Smith's request for costs, which is tantamount to a denial. *L & W Supply Corp. v. Chartrand Family Trust*, 136 Idaho 738, 745–46, 40 P.3d 96, 103–04 (2002). Costs are awarded according to the Idaho Rules of Civil Procedure. I.C. § 12-101. Rule 54 provides that "costs shall be allowed as a matter of right to the prevailing party or parties, unless otherwise ordered by the court." I.R.C.P. 54(d)(1)(A). "[T]he decision to award any costs to the prevailing party in a civil action is entirely within the sound discretion of the district court." *Caldwell v. Idaho Youth Ranch, Inc.*, 132 Idaho 120, 127, 968 P.2d 215, 222 (1998) (citing *Zimmerman v. Volkswagen of Am., Inc.*, 128 Idaho 851, 857, 920 P.2d 67, 73 (1996)). In exercising its discretion, however, the district court must identify "which party to an *action* is a prevailing party." I.R.C.P. 54(d)(1) (emphasis added). As stated above, a civil action is one that is commenced "by the filing of a complaint." I.R.C.P. 3(a)(1). This case began with an application for a writ of mandamus that was treated as a petition for judicial review of an administrative decision. Since this is not a civil action, Smith is not entitled to costs under I.R.C.P. 54(d)(1).

### VI. Conclusion

---

Section 12-120(3) provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

Smith is not entitled to any attorney fees in this petition for review of an administrative decision.  The decision of the district court is affirmed.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON, **CONCUR.**